985 P.2d 494

**STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

v.

**Hon. Frank T. GALATI, Judge of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Judge.**

**Russell K. Petersen, Real Party in Interest.**

**State of Arizona, Appellee,**

v.

**Lance Allen Root, Appellant.**

**Nos. CV–98–0558–PR, CR–99–0014–PR.**

Supreme Court of Arizona, En Banc.

July 8, 1999.

Reconsideration Denied Sept. 21, 1999.

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy Maricopa County Attorney, Phoenix, Attorneys for Petitioner State of Arizona.

Dean W. Trebesch, Maricopa County Public Defender by John Rock and C. Daniel

Carrion and Russell G. Born and Tammy Wray, Deputy Maricopa County Public Defenders, Phoenix, Attorneys for Real Party in Interest Russell K. Petersen.

Janet A. Napolitano, The Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Colleen L. French and Serena Christion, Assistant Attorneys General, Criminal Appeals Section, Phoenix, Attorneys for Appellee State of Arizona.

Law Offices of David Michael Cantor, P.C. by David Michael Cantor, Mesa, Attorney for Appellant Lance Allen Root.

Law Offices of Michael J. Dew by Michael J. Dew, Phoenix, Attorneys for Amicus Curiae City of Phoenix Public Defender.

H. Allen Gerhardt, Jr., Coconino County Public Defender by Diane S. McCoy, Deputy Coconino County Public Defender, Flagstaff, Attorneys for Amicus Curiae Coconino County Public Defender.

## OPINION

McGREGOR, Justice.

¶ 1 These consolidated cases present the question whether a trial judge can order a bifurcated trial that permits a defendant to plead guilty or to stipulate to prior convictions that are elements of a charged offense, withhold knowledge of the defendant's plea or stipulation from the jury, and submit the remaining elements to the jury. We granted review of two conflicting court of appeals' opinions, *State v. Galati*, 193 Ariz. 437, 973 P.2d 1198 (App.1998) (hereinafter *Petersen* ), and *State v. Root*, 193 Ariz. 442, 973 P.2d 1203 (App.1998), to address this issue of statewide importance and resolve the conflict. *See* ARIZ. CONST. art. VI, § 5(3); A.R.S. § 12–120.24; *Espinoza v. Martin*, 182 Ariz. 145, 146, 894 P.2d 688, 689 (1995) (grant of special action relief proper when issue is of statewide importance). We hold that a trial judge cannot bifurcate a trial when doing so precludes a jury from considering prior convictions that are elements of a charged offense.

### I.

### A.

¶ 2 The State charged defendant Russell K. Petersen with two counts of aggravated driving under the influence (DUI), in violation of Arizona Revised Statutes (A.R.S.) sections 28–1383.A.1 and .2.[1] These subsections provide that a person who commits a DUI while his or her driver's license is "suspended, canceled, revoked or refused or while a restriction is in place on the ... license," or who "within a period of sixty months commits a third or subsequent" DUI, is guilty of aggravated DUI, a felony. A.R.S. §§ 28–1383.A.1, .2.

¶ 3 The aggravating element of count one against Petersen was that he committed a DUI while his driver's license was suspended, canceled, revoked or refused, or restricted due to a previous DUI. The aggravating element of count two was that Petersen had been twice convicted of DUI within the previous sixty months.

¶ 4 Before trial, Petersen offered to stipulate to the aggravating elements on the condition that the jury would not hear about them. Petersen agreed that, if the jury convicted him of a misdemeanor DUI, the trial court then could enter judgment against him on the two counts of aggravated DUI. The State objected to that procedure, arguing that the trial court could not preclude the jury from hearing evidence related to the aggravating elements.

¶ 5 The trial court concluded that permitting the jury to hear evidence about the aggravating elements would result in unfair prejudice, and that the State need not present evidence of those elements if Petersen admitted to them. The trial court then ordered that it would bifurcate the trial and conduct a modified guilty plea proceeding in which Petersen could knowingly, intelligently, and voluntarily admit the aggravating elements. If the trial court accepted his plea, trial to the jury would proceed only on the current DUI charge, and the jury would

---

1. The statute was renumbered after the State brought charges against Petersen. In this opinion, we use the current number, A.R.S. § 28– 1383, rather than the superseded number, A.R.S. § 28–697.

never hear evidence of the aggravating elements. From this ruling, the State filed a petition for special action to the court of appeals.

¶6 The court of appeals accepted jurisdiction, reversed the ruling of the trial court, and vacated the bifurcation order. Relying upon Rule 19.1.b of the Arizona Rules of Criminal Procedure (Rule 19.1.b) and this court's opinion in *State v. Geschwind*, 136 Ariz. 360, 666 P.2d 460 (1983), and distinguishing *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the court of appeals held that the trial court could not prevent the jury from knowing about the aggravating elements.

### B.

¶7 In *Root*, the State charged defendant Lance Allen Root with two counts of aggravated DUI, invoking the same subsections of A.R.S. section 28–1383 applicable in *Petersen*.

¶8 Before trial, Root offered to stipulate to his two prior DUI convictions, and filed a motion in limine seeking to preclude the State from presenting evidence of those prior convictions to the jury. The trial court denied Root's motion on the ground that the two prior DUI convictions constituted elements of the charged offense of aggravated DUI. The jury convicted Root of aggravated DUI. Root appealed his conviction and sentence to the court of appeals.

¶9 A second division of the court of appeals, relying upon the United States Supreme Court's decision in *Old Chief*, reasoned that Root's stipulation satisfied the aggravating elements of the offense charged and avoided the risk that the jury would convict Root solely because he had committed the same offense on two previous occasions. The court reversed Root's conviction and remanded the matter for a new trial.

### II.

¶10 Neither Petersen nor Root disputes that prior convictions for DUI or driving on a suspended license while committing a DUI are elements of aggravated DUI. They argue, however, that a court can bifurcate those elements from trial of a current DUI charge and permit the jury to consider only the evidence offered to establish the current charge. This court's own rules prohibit using that procedure.

¶11 Rule 19.1.b defines the procedure a court should follow when a defendant is charged with prior convictions. The rule states that a defendant is entitled to a bifurcated trial "[i]n all prosecutions in which a prior conviction is alleged, *unless such conviction is an element of the crime charged.*" (Emphasis added.) The procedure described in the rule, which is essentially the procedure these defendants request, expressly applies *when a prior conviction is not an element of the crime charged.* Because the facts to which these defendants offered to stipulate constituted elements of aggravated DUI, they were not entitled to a bifurcated trial under the clear language of Rule 19.1.b.

¶12 The distinction made in Rule 19.1.b reflects the central role of the jury, which is charged with responsibility for determining whether the State has proved each element of the charged offense beyond a reasonable doubt. That obligation cannot be delegated, in part, to the trial judge. *See State v. Powers*, 154 Ariz. 291, 293, 742 P.2d 792, 794 (1987) (a jury must determine the existence of all elements of a crime beyond a reasonable doubt).

¶13 Our decision in *Geschwind*, which resolved an issue similar to that raised here, also recognized the importance of submitting all elements of a crime to the jury for decision. In *Geschwind*, we held that when a prior conviction is an element of the present charge, the trial court cannot preclude the jury from hearing evidence of that conviction. 136 Ariz. at 362, 666 P.2d at 462. We reasoned that the nature "of the prior [DWI] conviction as an element of the crime rather than a mere sentencing consideration settles the question of appellant's entitlement to a bifurcated trial [in the negative] ... because proof of the prior conviction was part of the state's burden of proving all the elements of the crime charged." *Id.; see also State v. Flood*, 149 Ariz. 199, 717 P.2d 878 (1986) (holding that a prior DWI conviction, the

existence of which merely increased the punishment for subsequent DWI convictions under previous Arizona law, did not constitute an element of the offense, and thus the trial court could bifurcate the defendant's DWI trial).

¶ 14    We distinguish *Old Chief*, on which defendants rely, on two fronts. In *Old Chief*, the government charged the defendant with being a felon in possession of a firearm. The defendant, who did not want the jury to learn that his prior felony conviction involved violent behavior, offered to submit to the jury a stipulation that he had been previously convicted of a felony. The jury therefore would know he was a felon, but not the nature of the prior offense. *Id.* at 175, 117 S.Ct. at 648. The Supreme Court held that submitting the stipulation was proper because evidence of the nature of the defendant's felony conviction could cause unfair prejudice, given its capacity to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* at 180, 117 S.Ct. at 650.

¶ 15    The first point of distinction between these cases and *Old Chief* is that the defendant in *Old Chief* agreed the jury would hear his stipulation, whereas Petersen and Root wanted their stipulations kept from the jury. The second point of distinction is that in *Old Chief*, the element at issue was the existence of any prior felony conviction; the government did not have to show the nature of the felony to establish the charged offense. *Id.* at 174–75, 117 S.Ct. at 647. To convict Petersen and Root of aggravated DUI, however, the State needed to establish they committed DUI while driving on a suspended license or sustained two prior DUI convictions within sixty months. The State thus could not establish these elements of the charged offense without showing the nature of the prior offenses. *Old Chief* does not further defendants' argument.

¶ 16    We conclude that because the prior convictions to which the defendants agreed to stipulate constitute elements of the charged offense, they were not entitled to a bifurcated trial.

## III.

¶ 17    For the foregoing reasons, we approve the court of appeals' opinion reversing the trial court's judgment in *Petersen;* we vacate the court of appeals' opinion in *Root* and reinstate Root's conviction.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, FREDERICK J. MARTONE, Justice.

FELDMAN, Justice, specially concurring.

¶ 18    I disagree with the analysis applied and therefore write separately.

¶ 19    The basis for my disagreement with the majority's analysis is well set forth in the court of appeals' opinion in *State v. Root,* 193 Ariz. 442, 973 P.2d 1203 (App.1998), and need not be repeated here. The Wisconsin Supreme Court reached a conclusion similar to that in *Root* in *State v. Alexander,* 214 Wis.2d 628, 571 N.W.2d 662 (1997). The Wisconsin court held that when the defendant offers to stipulate to a prior status offense and the state rejects the offer for no purpose other than to present propensity evidence, hoping to stir up whatever prejudice may result when the jury learns of the defendant's prior convictions, the trial judge has discretion to withhold the evidence under evidence rules similar to ours. *See* Rules 403 and 404, Ariz.R.Evid.

¶ 20    In my view, these rules are not trumped by Rule 19.1, Ariz.R.Crim.P., which was promulgated just to avoid prejudice in situations similar to that in the present case. Rule 19.1 was intended to cover cases in which, to avoid unnecessary prejudice, the defendant offered to stipulate to the fact of conviction. Its text does not deal with the present situation but, rather, with trial of contested issues regarding prior convictions. I therefore believe Rule 19.1 co-exists with Rule 403 and, as recognized by *Root,* the trial judge may accept the stipulation and withhold evidence of the prior convictions from the jury. If Rule 19.1 prevents this, it should be changed.

¶ 21    By enacting the current statute, the legislature changed prior convictions in DUI cases from sentence enhancers to elements of

the crime. This, of course, does not overcome the provisions of Rule 403 permitting judges to exclude relevant evidence when probative value is outweighed by prejudice. The legislature cannot, by the simple expedient of changing labels, interfere with the court's rule-making power. *State ex rel. Napolitano v. Brown*, 194 Ariz. 340, 982 P.2d 815 (1999). The provisions of article VI, § 5(5) of the Arizona Constitution, which give the court the power to make procedural rules, including the Rules of Evidence, is designed to ensure that courts will operate in a manner that will ensure a fair trial for everyone. *Root*, 193 Ariz. at 445, 973 P.2d at 1206–07. In the situations presented by the cases before us, this can only be accomplished by recognizing the trial judge's discretion to handle the case under Rule 403. *Id.*

¶ 22 But the issue the court chooses to address in these cases is whether Defendants were entitled to a bifurcated trial under Rule 19.1. Believing that rule inapplicable to these cases, I join in the narrow holding that Defendants were not entitled to a bifurcated trial.