IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2002-0447 |
| | ) | DEPARTMENT A |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| CHARLES SCOTT NEWNOM, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20014011

Honorable Howard Fell, Judge Pro Tempore

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Diane M. Acosta                      Tucson
                                                Attorneys for Appellee

Susan A. Kettlewell, Pima County Public Defender
  By Nancy F. Jones                                           Tucson
                                                Attorneys for Appellant

H O W A R D, Presiding Judge.

¶1        After a jury trial, appellant Charles Newnom was convicted of aggravated domestic violence. On appeal, he claims the trial court erred by allowing the state to present evidence of his two prior domestic violence convictions to the jury despite his

offering to stipulate to their existence.[1]  Because the two prior domestic relations convictions were elements of the offense, we affirm.

¶2        We view the facts in the light most favorable to sustaining the conviction.  *See State v. Henry*, 205 Ariz. 229, ¶ 2, 68 P.3d 455, 457 (App. 2003).  Newnom pushed and "head butted" his wife, giving her a bump on her forehead.  Newnom was eventually indicted for aggravated domestic violence because he had two prior domestic violence convictions.  *See* A.R.S. § 13-3601.02.  Before trial, he offered to stipulate to the existence of the prior convictions to avoid having the jury receive that prejudicial information.  The state rejected the offer and the trial court refused to force the state to accept the stipulation offer.  The jury in Newnom's first trial was unable to reach a verdict.  On retrial, Newnom was convicted as charged and was sentenced to a prison term of 2.25 years.  This appeal followed.

¶3        Newnom argues the trial court erred by refusing to require the state to accept his stipulation concerning his prior convictions and by failing to preclude the state from introducing evidence of the prior convictions.  The state counters that, pursuant to *State ex rel. Romley v. Galati*, 195 Ariz. 9, 985 P.2d 494 (1999), a defendant cannot prevent a jury from hearing about prior convictions that are elements of a crime.  We review a trial court's decisions on the admission or exclusion of evidence for an abuse of discretion.  *State v. Hensley*, 142 Ariz. 598, 602, 691 P.2d 689, 693 (App. 1984).  But, we review issues of

---

[1]Because Newnom withdrew by motion the issue concerning his sentence, we do not address it.

2

statutory construction de novo. *State v. Casey*, 205 Ariz. 359, ¶ 8, 71 P.3d 351, 354 (2003).

**¶4** Newnom was charged with aggravated domestic violence pursuant to § 13-3601.02, which provides in part that "[a] person is guilty of aggravated domestic violence if the person within a period of sixty months commits a third or subsequent violation of a domestic violence offense." In *Galati*, our supreme court analyzed A.R.S. § 28-1383, the statute governing aggravated driving under the influence of an intoxicant (DUI), which provides that a person is guilty of aggravated DUI if that person "[w]ithin a period of sixty months commits a third or subsequent [DUI]." The *Galati* court held that the existence of the prior convictions was an element of aggravated DUI and that the jury must therefore hear the evidence on that element of the offense in order to decide a defendant's guilt. *Id.* ¶¶ 10, 12. The court further held that the defendant was not entitled to a bifurcated trial even if he was willing to stipulate that he had the prior convictions. *Id.* ¶ 16.

**¶5** Although *Galati* addressed a different statute, the relevant wording of the statute at issue here is virtually identical. Thus, we conclude that the reasoning of *Galati* controls this case. Under § 13-3601.02, the existence of two or more prior convictions for domestic violence is an element of the offense of aggravated domestic violence. Newnom was not entitled to prevent the jury from hearing evidence on the elements of the offense. *See Galati; State v. Geschwind*, 136 Ariz. 360, 361-63, 666 P.2d 460, 461-63 (1983).

**¶6** Newnom argues, however, that *Galati* is not controlling, relying on the concurring justice's statement that the court had decided only the narrow issue of whether

3

the defendant had been entitled to a bifurcated trial under Rule 19.1, Ariz. R. Crim. P., 17 A.R.S. 195 Ariz. 9, ¶ 22, 985 P.2d at 498 (Feldman, J., concurring). But the reasoning of the majority opinion was much broader than the concurring opinion would suggest. And the majority specifically disagreed with and vacated the court of appeals' decision in *State v. Root*, 193 Ariz. 442, 973 P.2d 1203 (App. 1998). *Galati*, 195 Ariz. 93, ¶ 17, 985 P.2d at 497. Citing Rule 403, Ariz. R. Evid., 17A A.R.S., Division One of this court had held in *Root* that the trial court had erred by rejecting the defendant's offer to stipulate to the existence of prior DUI convictions in an attempt to prevent the jury from hearing the prejudicial evidence. 193 Ariz. 442, ¶ 11, 973 P.2d at 1206. *Root* did not involve any request for a bifurcated trial. Accordingly, *Galati* was not limited to the denial of a request for a bifurcated trial. And, in light of the supreme court's action in vacating *Root*, we cannot accept Newnom's argument.

¶7 Newnom also argues we should instead adopt the reasoning of *State v. Leonard*, 151 Ariz. 1, 725 P.2d 493 (App. 1986), in which the court held that the trial court had erred by refusing to accept a defendant's stipulation to the existence of prior convictions under an earlier DUI statute. But Newnom admits that *Leonard* was decided at a time when the existence of prior convictions was not an element of the offense. *Leonard*, therefore, does not help Newnom.

¶8 Newnom finally argues that, to the extent *Galati* prevents the use of a stipulation to avoid presenting prejudicial evidence of prior convictions to the jury, it conflicts with the United States Supreme Court's decision in *Old Chief v. United States*,

4

519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997), and should be reconsidered. But our supreme court was aware of *Old Chief* when it decided *Galati* and found *Old Chief* distinguishable because the defendant there had contemplated that the jury would hear the stipulation and because the nature of the prior felony conviction there was not significant. *Galati*, 195 Ariz. 9, ¶ 15, 985 P.2d at 497. We have no authority to overrule or disregard decisions of our supreme court. *State v. Sullivan*, 205 Ariz. 285, ¶ 15, 69 P.3d 1006, 1009 (App. 2003). Therefore, we cannot conclude that *Galati* conflicts with *Old Chief* nor can we reconsider it. Accordingly, the trial court did not err in refusing to require the state to accept Newnom's stipulation to the existence of the prior convictions or in refusing to preclude the state from introducing evidence about the convictions.

**¶9**         Newnom's conviction is affirmed.


                                    _____
                                    JOSEPH W. HOWARD, Presiding Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
PETER J. ECKERSTROM, Judge

5