IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2003-0322 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| OSCAR MANUEL LOPEZ, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20022713

Honorable Howard Fell, Judge Pro Tempore

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Alan L. Amann            Tucson
Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender
  By Stephan J. McCaffery                    Tucson
Attorneys for Appellant

B R A M M E R, Judge.

¶1       A jury found appellant Oscar Manuel Lopez guilty of misconduct involving weapons by possessing a deadly weapon when prohibited from doing so. The trial court sentenced him to the presumptive, 4.5-year prison term. On appeal, Lopez maintains the trial

court erroneously refused to require the state to accept his stipulation to his prohibited possessor status and that it abused its discretion by refusing his proffered jury instruction on "passing control." We affirm.

**Factual and Procedural Background**

¶2 We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Lopez. *See State v. Riley*, 196 Ariz. 40, 992 P.2d 1135 (App. 1999). In August 2002, off-duty border patrol agent Charles Sachs was sitting in a parked car when he heard gunshots and saw a muzzle flash coming from the driver's side of the red sports utility vehicle (SUV) that Lopez was driving. Two other police officers who had been parked nearby also heard gunshots. Another Tucson police officer, Guy Cox, saw Lopez drive through a red light and pulled him over. Cox approached the passenger side of the SUV and noticed a handgun between the driver's seat Lopez occupied and the center console. In a later interview, Lopez admitted that he had been convicted of a felony and had not had his right to possess a firearm restored.

¶3 The state charged Lopez with misconduct involving weapons by prohibited possession of a deadly weapon and unlawful discharge of a firearm. The jury found him guilty of the former charge but acquitted him of the latter. This appeal followed.

**Rejected Stipulation**

¶4 Lopez first maintains that the trial court abused its discretion by allowing the state to reject his proffered pre-trial stipulation that he was a prohibited possessor. The state argued that his status as a prohibited possessor was an element of the offense the state was

2

required to prove. The trial court stated that, although entering the stipulation would be "judicially economical," the court had "no authority to require the State to [agree to the stipulation]." The state and Lopez later stipulated that Lopez previously had been convicted of a felony, and that stipulation was read to the jury.

¶5          Lopez now contends the trial court abused its discretion by not compelling the state to accept his first stipulation that he was a prohibited possessor, and by failing to recognize that it had discretion to do so. He relies primarily on *State v. Leonard*, 151 Ariz. 1, 8, 725 P.2d 493, 500 (App. 1986), in which Division One of this court found harmless error in the trial court's rejection of stipulations the defendant had offered that would have admitted prior convictions for driving under the influence of an intoxicant (DUI), holding that "the state is not required to accept a stipulation when the prejudicial potential of the evidence is substantially outweighed by the state's legitimate need to prove the facts to which the defendant offers to stipulate." Because the prior convictions were not elements of the charged offense, the trial court had concluded that making their existence known to the jury was prejudicial to the defendant. The court found this error harmless, however, in light of the other substantial evidence of the defendant's guilt.

¶6          In *State ex rel. Romley v. Galati*, 195 Ariz. 9, 985 P.2d 494 (1999), the defendant had been charged with aggravated DUI, among the elements of which is that the defendant twice previously had been convicted of DUI. A.R.S. § 28-1383. The defendant had offered to stipulate to the two prior convictions, provided the jury would not hear about them. The state refused on the ground that the court could not preclude the jury from hearing

evidence on those elements. The supreme court held that, "because the prior convictions to which the defendant[] agreed to stipulate constitute elements of the charged offense, [he was] not entitled to a bifurcated trial," 195 Ariz. 9, ¶ 16, 985 P.2d at 497. The defendant was not entitled to have the fact of his prior convictions kept from the jury. *See also State v. Newnom*, No. 2 CA-CR 2002-0447, 2004 WL 1891497 (Ariz. Ct. App. Aug. 25, 2004).

¶7 Although Lopez did not ask for a bifurcated trial, based on *Galati* he was not entitled to keep from the jury one of the elements of the crime charged. *See* Ariz. R. Crim. P. 19.1(b), 17 A.R.S. (where prior conviction is element of crime defendant is not entitled to bifurcated trial). This case is more like *Galati* than *Leonard*. In *Leonard*, the defendant had not sought to stipulate to an element of the charged offense, but, rather, he had sought to stipulate to prior convictions that were to be used for sentence enhancement purposes.[1]

¶8 Here, although the proffered stipulation that Lopez was a prohibited possessor would have been read to the jury, Lopez attempted to remove from the jury's consideration elements of the charged offense—that he has a prior felony conviction and that his civil right to possess or carry a firearm has not been restored.[2] A.R.S. § 13-3101(A)(6)(b). Based on *Galati*, the trial court did not err by refusing to compel the state to accept Lopez's stipulation.

---

[1]After Division One decided *Leonard*, the legislature enacted the current aggravated DUI statute under which the prior sentence enhancement factors have now become elements of the crime. *See State ex rel. Romley v. Galati*, 193 Ariz. 437, 973 P.2d 1188 (App. 1998).

[2]We find no merit to Lopez's contention that the existence of a prior felony conviction is not an "element" of the offense of weapons misconduct, but merely a descriptive definition.

4

**¶9** In light of *Galati*, we do not address Lopez's arguments based on *Leonard*'s suggested balancing test. Likewise, we also reject Lopez's contention that the trial court improperly believed it was without discretion to compel the state to accept his stipulation.

### Jury Instruction

**¶10** Lopez also contends the trial court erroneously refused his proffered jury instruction on "passing control." We will not disturb a trial court's decision to refuse a jury instruction absent a clear abuse of its discretion, *State v. Tschilar*, 200 Ariz. 427, 27 P.3d 331 (App. 2001), but review de novo whether the proffered instruction correctly stated the law. *State v. Morales*, 198 Ariz. 372, 10 P.3d 630 (App. 2000); *see State v. Leslie*, 147 Ariz. 38, 708 P.2d 719 (1985) (trial court does not err in refusing instructions that do not correctly state the law). A defendant is entitled to a jury instruction "on any theory reasonably supported by the evidence." *State v. Johnson*, 205 Ariz. 413, ¶ 10, 72 P.3d 343, 347 (App. 2003); *see also State v. Rodriguez*, 192 Ariz. 58, 961 P.2d 1006 (1998). And "when the substance of a proposed instruction is adequately covered by other instructions, the trial court is not required to give it." *State v. Hoskins*, 199 Ariz. 127, ¶ 75, 14 P.3d 997, 1015 (2000).

**¶11** Lopez requested that the court instruct the jury that "[p]assing control . . . [of an item] does not constitute possession of that item," and that, in order to find Lopez guilty, the jury must find he had "more than just passing control of a firearm." In rejecting Lopez's instruction, the court explained that existing instructions adequately stated the law and noted

that Lopez still could argue to the jury the meaning of "possession" based on the jury instructions on "actual" and "constructive" possession.[3]

¶12      Lopez maintains that the proffered instruction was appropriate because the existing definitions of "possession" were inadequate and because the instruction would have supported his theory that he simply discovered the gun in his vehicle after his passengers had left. He relies on *State v. Tyler*, 149 Ariz. 312, 718 P.2d 214 (App. 1986), for his contention that "it would be appropriate" to clarify that "passing control does not constitute possession." In *Tyler*, the defendant's theory had been that his mere "momentary innocent handling" of a prohibited weapon was insufficient to establish criminal possession. 149 Ariz. at 316, 718 P.2d at 218. Division One of this court found the trial court did not abuse its discretion in refusing to give the defendant's proposed jury instruction, which focused on the defendant's possession of the weapon "for a limited period of time." *Id.* The court determined that existing instructions on the meaning of possession adequately conveyed the meaning of "control" and that the proposed instruction would be of no further assistance to the jury. *Id.*

---

[3]The court instructed the jury, in pertinent part, as follows:

> The law recognizes two kinds of possession[:]   actual possession and constructive possession.

> Actual possession means the defendant knowingly has direct physical control over an object.

> Constructive possession means the defendant does not actually possess an object but knowingly has the power and the intention to exercise dominion and control over it, either acting alone or through another person.

¶13     Such is the case here. In *Tyler*, Division One approved, in theory, of an instruction that provides the state must prove the defendant "wilfully [kept a firearm] in his possession with the intent to control [its] use and management . . . or . . . with the power and intent to guide or manage [it]," *id.* at 316-17, 718 P.2d at 218-19, *quoting State v. Runnels*, 456 P.2d 16 (Kan. 1969). However, that instruction differs substantially from the one Lopez requested and makes no mention of the "passing control" concept Lopez advances here. We express no opinion on how this court would evaluate the hypothetical jury instruction *Tyler* suggests. Because Lopez cites us to no authority supporting his proffered instruction, we cannot conclude that it correctly stated the law. *Morales; see Leslie*. Moreover, the jury instructions the court gave adequately explained the concept of possession. *See Hoskins; see also Tyler* (terms "dominion" and "control" need not be further defined because their significance is adequately conveyed by their ordinary meaning).

¶14     For the foregoing reasons, Lopez's conviction and sentence are affirmed.

 

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:

 

_____
JOSEPH W. HOWARD, Presiding Judge

 

_____
PETER J. ECKERSTROM, Judge