149 P.3d 484

STATE of Arizona ex rel. Andrew P. THOMAS, Maricopa County Attorney, Petitioner,

v.

The Honorable David M. TALAMANTE, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Mark Andrew Murray, Real Party in Interest.

No. 1 CA–SA 06–0193.

Court of Appeals of Arizona, Division 1, Department E.

Nov. 14, 2006.

Review Denied April 17, 2007.

Andrew P. Thomas, Maricopa County Attorney By Gerald Grant, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

James J. Haas, Maricopa County Public Defender By Brent E. Graham, Deputy Public Defender, Phoenix, Attorneys for Real Party in Interest.

## OPINION

TIMMER, Presiding Judge.

¶1 The State of Arizona filed this special action petition arguing that the trial court erred by ruling that a historical prior felony conviction for a sexual offense is not an element of the crime of violent sexual assault as set forth in Arizona Revised Statutes ("A.R.S.") section 13–1423 (Supp.2005). As a consequence, the court precluded the State from introducing in its case-in-chief evidence of real-party-in-interest Mark Andrew Murray's prior conviction for a sexual offense. By separate order, we previously accepted jurisdiction and granted relief by vacating the court's ruling, stating that a written disposition fully explaining our decision would

follow. This opinion provides that explanation.

## BACKGROUND

¶2 In April 2005, the grand jury indicted Murray with several offenses, including one count of violent sexual assault pursuant to A.R.S. § 13–1423. The State subsequently filed an allegation of historical prior felony convictions pursuant to A.R.S. § 13–604 (Supp.2005), including an allegation that Murray had a prior felony conviction for sexual assault (the "Prior Conviction").

¶3 At the outset of his jury trial in August 2006, Murray moved to preclude the State from introducing evidence of the Prior Conviction in its case-in-chief. He argued that the State was not required to introduce this evidence to secure a conviction because the Prior Conviction was a sentencing enhancement factor rather than an element of violent sexual assault pursuant to A.R.S. § 13–1423. Murray alternatively contended that the court should preclude evidence of the Prior Conviction pursuant to Arizona Rule of Evidence 403 because the prejudicial effect of the evidence outweighed its probative value. The State responded that the Prior Conviction constituted an element of the offense under § 13–1423, which the State was required to prove regardless of its prejudicial impact.

¶4 The trial court agreed that evidence of the Prior Conviction was highly prejudicial. Consequently, without deciding the element-of-the-offense issue, the court ordered the State to refrain from introducing evidence of the Prior Conviction in its case-in-chief and ruled that, thereafter, if the jury found that Murray had committed the offense as presented, the court would ask the jury to decide whether Murray had committed the offense while having a historical prior felony conviction for a sexual offense. The court would then allow the State to introduce evidence of the Prior Conviction. After the State later moved for reconsideration, the

trial court affirmed its prior order, but reasoned that the State was not permitted to introduce evidence of the Prior Conviction in its case-in-chief because it was a sentencing enhancement factor for sexual assault rather than an element of violent sexual assault. The court cited Arizona Rule of Evidence 403 [1] as the basis of its ruling. This special action followed.

## SPECIAL ACTION JURISDICTION AND STANDARD OF REVIEW

¶5 We exercise our discretion to accept jurisdiction in this special action because this case presents a legal question of first impression and of statewide importance and because the State has no equally plain, speedy or adequate remedy by appeal. Ariz. R.P. Spec. Act. 1, 3; *Jackson v. Schneider ex rel. County of Maricopa*, 207 Ariz. 325, 327, ¶5, 86 P.3d 381, 383 (App.2004); *see also* A.R.S. § 13–4032 (2001) (the state cannot appeal from a ruling that defines the elements of a charged offense). In determining the appropriateness of the trial court's ruling, we review the trial court's interpretation of A.R.S. § 13–1423 de novo as a question of law. *State v. Getz*, 189 Ariz. 561, 563, 944 P.2d 503, 505 (1997).

## DISCUSSION

¶6 The State argues that the trial court erred because the text and legislative history of A.R.S. § 13–1423 clearly indicate the legislature's intent to create a new crime of violent sexual assault, the elements of which include a historical prior felony conviction for a sexual offense, which the State must be permitted to prove in its case-in-chief. Murray responds that A.R.S. § 13–1423 does not establish a new crime; rather, it is a sentence enhancement statute because the legislature enacted § 13–1423 solely to increase the mandatory sentence for repeat offenders of certain sexual crimes. Thus, according to Murray, Arizona Rule of Criminal Procedure 19.1(b) [2] required the court to pre-

---

1. Rule 403 grants the trial court discretion, in pertinent part, to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice.

2. Rule 19.1(b) provides as follows:
   In all prosecutions in which a prior conviction or a non-capital sentencing allegations required to be found by a jury is alleged, unless such conviction or allegations is an element of

clude evidence of the Prior Conviction unless the jury found him guilty of violent sexual assault.

■■■ ¶ 7 When construing statutes, our primary goal is to ascertain the legislature's intent. *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). We first look to the text of the relevant statutes. *State v. Christian,* 205 Ariz. 64, 66, ¶ 6, 66 P.3d 1241, 1243 (2003). If the statutory language is clear, we ascribe plain meaning to their terms. *Rineer v. Leonardo,* 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999). If ambiguity exists, we employ secondary principles of statutory construction to glean legislative intent. *State ex rel. Dep't. of Econ. Sec. v. Demetz,* 212 Ariz. 287, 289, ¶ 7, 130 P.3d 986, 988 (App.2006). With these principles in mind, we examine A.R.S. § 13–1423.

¶ 8 Section 13–1423 provides as follows:

**Violent sexual assault; natural life sentence**

**A.** A person is guilty of violent sexual assault if in the course of committing an offense under § 13–1404, 13–1405, 13–1406 or 13–1410 the offense involved the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or involved the intentional or knowing infliction of serious physical injury and the person has a historical prior felony conviction for a sexual offense under this chapter or any offense committed outside this state that if committed in this state would constitute a sexual offense under this chapter.

the crime charged, the procedure shall be as follows:
(1) The trial shall proceed initially as though the sentencing allegations were not alleged. When the indictment, information or complaint is read all reference to prior offenses or sentencing allegations shall be omitted. During the trial of the case no instructions shall be given, reference made, nor evidence received concerning the non-capital sentencing allegations required to be found by the jury or the prior offenses, except as permitted by the rules of evidence.
(2) If the verdict is guilty, the issue of the non-capital sentencing allegations required to be found by the jury shall then be tried, unless the defendant has admitted to the allegation. The trial court shall determine the allegation of prior conviction.

**B.** Notwithstanding §§ 13–604 and 13–604.01, a person who is guilty of a violent sexual assault shall be sentenced to life imprisonment and the court shall order that the person not be released on any basis for the remainder of the person's natural life.

¶ 9 The text of A.R.S. § 13–1423 plainly establishes the crime of violent sexual assault by stating in subsection (A) that, "A person is guilty of violent sexual assault if . . . ." Subsection (A) then proceeds to list the various requirements for the crime of violent sexual assault. "[A] historical prior felony conviction for a sexual offense" is one of the listed requirements. Subsection (B) then imposes a natural life sentence for those found guilty of violent sexual assault. Notably, the reference to a prior conviction is mentioned in subsection (A), which describes the offense, not subsection (B), which provides for sentencing. Based on the plain language of the statute, we conclude that the legislature intended to create the crime of violent sexual assault and include "a historical prior felony conviction for a sexual offense" as an element of that crime.

¶ 10 The legislative history for § 13–1423 supports our reading of that provision. *See Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 269, 872 P.2d 668, 673 (1994); *see also Carrow Co. v. Lusby,* 167 Ariz. 18, 20, 804 P.2d 747, 749 (1990) ("Legislative intent often can be discovered by examining the development of a particular statute."). In 1999, the legislature simultaneously enacted § 13–1423 and eliminated § 13–1406(E), which was a sentencing enhancement provision for sexual assault.[3]

3. Section 13–1406(E) read as follows:

Notwithstanding the provisions of §§ 13–604 and 13–604.01, if the sexual assault involved the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or involved the intentional or knowing infliction of serious physical injury and the person has previously been convicted of sexual assault, or any offense committed outside this state which if committed in this state would constitute sexual assault, the person shall be sentenced to life imprisonment and is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by § 31–233, subsection A or B until at least twenty-five years have been served or the sentence is commuted.

Section 13–1423 essentially borrowed and altered the language of § 13–1406(E), making it applicable to repeat offenders of sexual abuse, A.R.S. § 13–1404 (2001), sexual conduct with a minor, A.R.S. § 13–1405 (2001), child molestation, A.R.S. § 13–1410 (2001), as well as sexual assault, A.R.S. § 13–1406 (2001). Additionally, § 13–1423 increased to natural life the sentences imposed for repeat offenders of those crimes. In separate summaries of the bill proposing what became A.R.S. § 13–1423, distributed in the House of Representatives and the Senate, legislative staff expressed the purpose of the proposed law as "[e]stablish[ing] a crime of 'violent sexual assault' which carries a mandatory sentence of life imprisonment" and "[c]reates the crime of violent sexual assault, requiring a sentence of life imprisonment." 1999 Ariz. Sess. Laws, ch. 92, House Summary for Senate Bill 1416 (Mar. 25, 1999) and Senate Fact Sheet for Senate Bill 1416 (May 26, 1999). Thus, because the crime of violent sexual assault did not exist prior to 1999, and because the legislature clearly expressed its intent to create this crime, the legislative history for § 13–1423 further supports a conclusion that the provision is not merely a sentencing enhancement statute, as Murray contends.

¶ 11 Murray argues that the legislature's use of "historical prior felony conviction" and other sentencing language indicates its intention to create a sentencing enhancement statute. But our review shows that each of the mentioned sexual offenses in § 13–1423 has at least one provision that addresses sentencing. *See* A.R.S. §§ 13–1404(B), –1405(B), –1406(B) -(D), –1410(B). The trial court could also enhance sentences for those offenses pursuant to A.R.S. §§ 13–604 and 13–604.01 (Supp.2005). If the legislature intended § 13–1423 to merely increase the sentence for repeat offenders of those crimes, it could have easily amended § 13–604 or have chosen to keep and revise § 13–1406(E) and include similar provisions within §§ 13–1404, –1405, and –1410. Instead, the legislature eliminated § 13–1406(E) and enacted an entirely new statute to establish the crime of violent sexual assault. In light of this history, we conclude that the legislature intended to create a new crime that targets repeat offenders of certain sexual crimes.[4]

¶ 12 In summary, we hold that A.R.S. § 13–1423 establishes the crime of violent sexual assault and that a historical prior felony conviction for a sexual offense is an element of that crime. Rule 19.1(b), Ariz. R.Crim. P., therefore has no application to this issue. *See Galati*, 195 Ariz. at 11, ¶ 11, 985 P.2d at 496 (concluding Rule 19.1(b) inapplicable because prior conviction for DUI an element of aggravated DUI). Additionally, because the Prior Conviction is an element of the charged crime, the trial court erred by precluding evidence of it in the State's case-in-chief as unfairly prejudicial. *State v. Geschwind*, 136 Ariz. 360, 363, 666 P.2d 460, 463 (1983) (holding that when prior conviction is element of charged crime court cannot preclude evidence of prior conviction as irrelevant or unfairly prejudicial); *see also Galati*, 195 Ariz. at 11, ¶ 13, 985 P.2d at 496 (recognizing importance of submitting all elements of crime to jury); *Newnom*, 208 Ariz. at 508, ¶¶ 5–6, 95 P.3d at 951 (to same effect).[5]

---

4. The legislature has similarly targeted repeat offenders of other crimes by establishing new crimes that have as elements the existence of prior convictions. A.R.S. §§ 28–1383(A)(2) (Supp.2005) (aggravated driving under the influence ("DUI")) and 13–3601.02 (2001) (aggravated domestic violence). *See State ex rel. Romley v. Galati*, 195 Ariz. 9, 12, ¶ 16, 985 P.2d 494, 497 (1999); *State v. Newnom*, 208 Ariz. 507, 508, ¶ 5, 95 P.3d 950, 951 (App.2004).

5. Murray additionally argues that our interpretation of A.R.S. § 13–1423 would render the provision an unconstitutional encroachment on judicial rule-making authority. Specifically, he contends that the legislature violated the separation of powers doctrine by making a prior conviction for a sexual offense an element of violent sexual assault, thus denying the trial court discretion under Rule 403, Ariz. R. Evid., to preclude introduction of such highly prejudicial evidence. *See Galati*, 195 Ariz. at 12–13, ¶ 21, 985 P.2d at 497–98 (Feldman, J., concurring) (stating legislature cannot interfere with court's ability to preclude evidence of prior conviction under Rule 403 even if an element of crime). But in light of our supreme court's holdings in analogous cases that such evidence cannot be kept from the jury, we must reject this argument. *See Newnom*, 208 Ariz. at 508, ¶ 8, 95 P.3d at 951 (noting court of appeals has no authority to overrule or disregard decisions of supreme court).

## CONCLUSION

¶ 13 For the foregoing reasons, we accept jurisdiction and grant relief by vacating the trial court's ruling announced on August 17, 2006, which found that a historical prior felony conviction for a sexual offense is not an element of the crime of violent sexual assault. Consequently, the trial court cannot preclude the State from introducing evidence of the Prior Conviction in its case-in-chief.

CONCURRING: PATRICIA K. NORRIS and DIANE M. JOHNSEN, Judges.