NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANGEL CASAREZ TORRES, *Appellant.*

No. 1 CA-CR 15-0840
FILED 2-14-2017

Appeal from the Superior Court in Yuma County
No. S1400CR201500399
The Honorable Lawrence C. Kenworthy, Judge

**CONVICTION MODIFIED; REMANDED FOR RESENTENCING**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele Ponce
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

**D O W N I E**, Judge:

**¶1**        Angel Torres appeals his felony conviction and sentence for aggravated domestic violence.  For the following reasons, we modify Torres' conviction to misdemeanor assault per domestic violence and remand for resentencing.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**        Torres and his girlfriend ("Victim") attended their child's birthday party and later went to a bar.  After leaving the bar, Torres began yelling at Victim in the car and later started hitting her. Victim surreptitiously dialed 911, believing the operator could track her phone and hear what was happening.  At some point, the 911 call disconnected. The 911 operator called back, and Victim pretended she was speaking to her mother.  Officers were dispatched to Victim's home, where they arrested Torres.

**¶3**        Torres was charged with one count of aggravated domestic violence, a class 5 felony.  After a three-day trial, the jury returned a guilty verdict, finding that Torres had two prior domestic violence convictions. Torres timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4033.

### DISCUSSION

**¶4**        Torres contends the State failed to prove the existence of two prior domestic violence offenses within 84 months of the charged offense. The State concedes error and also concedes the error is fundamental.  We agree.

---

[1]        "We view the facts in the light most favorable to sustaining the conviction."  *State v. Newnom*, 208 Ariz. 507, 507, ¶ 2 (App. 2004).

**¶5**　　　　As charged here, a person is guilty of aggravated domestic violence if "within a period of eighty-four months [he] commits a third or subsequent violation of a domestic violence offense."  A.R.S. § 13-3601.02(A).  "The dates of the commission of the offenses are the determining factor in applying the eighty-four month provision . . . ."  A.R.S. § 13-3601.02(D).  Because the offense commission dates are elements of the charged offense, the jury must hear the evidence "to decide a defendant's guilt."  *State v. Newnom*, 208 Ariz. 507, 508, ¶¶ 4–5 (App. 2004).

**¶6**　　　　At trial, the State proved only that Torres had two prior domestic violence *convictions* within the statutory timeframe.  And as the State concedes, the jury instructions misstated the elements of the charged offense, which constitutes fundamental error.  *See State v. Kemper*, 229 Ariz. 105, 107, ¶¶ 5–6 (App. 2011) (jury instructions that relieve State of its burden of proving elements of an offense constitute fundamental error).  The court instructed the jury:

> The crime of aggravated domestic violence requires proof that, one, the Defendant intentionally or knowingly caused physical injury to another person, and number two, the Defendant and the victim have a child in common, or the Defendant and the victim resided in the same household at that time or previously, and, three, the Defendant has been convicted of two or more domestic violence offenses, and, number four, two of the prior domestic violence *convictions* occurred within 84 months of the date of the current offense.

(Emphasis added.)  By referring to the date of the convictions, rather than the dates the prior offenses were committed, the jury instruction misstated the law.

**¶7**　　　　Both Torres and the State agree we should modify Torres' conviction from aggravated domestic violence to misdemeanor assault per domestic violence.  We agree.  *See State v. Gray*, 227 Ariz. 424, 429, ¶ 18 (App. 2011) (modifying conviction for tampering with a witness to attempted tampering with a witness); *see also State v. Hunter*, 102 Ariz. 472, 477–78 (1967) (modifying conviction to second-degree burglary because insufficient evidence established elements of first-degree burglary).  The parties disagree about whether Torres should be sentenced as a first-time offender.  We leave resolution of that issue to the superior court on remand.

## CONCLUSION

¶8       For the reasons stated, we modify Torres's conviction from aggravated domestic violence to misdemeanor assault per domestic violence pursuant to A.R.S. §§ 13-1203(A)(1) and -3601 and remand to the superior court for resentencing.



AMY M. WOOD • Clerk of the Court
FILED:  AA