NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GUILLERMO LARRAZOLO, *Appellant*.

No. 1 CA-CR 21-0149
FILED 3-15-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR201980107
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Diane L. Hunt
*Counsel for Appellee*

Countryman Law, Tempe
By Kenneth Countryman
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

**W I L L I A M S**, Judge:

¶1 Guillermo Larrazolo appeals his convictions and sentences for disorderly conduct, aggravated assault, and two counts of aggravated domestic violence. For the following reasons, we affirm.

## FACTUAL[1] AND PROCEDURAL HISTORY

¶2 Late one January 2019 evening, Larrazolo and Jenny[2] got into an altercation. It wasn't the first time the couple, who have a child together, had physically fought during their on-again/off-again relationship that spanned more than a decade.

¶3 After their first argument that evening, the two left separately from Jenny's mother's home, where they lived. Jenny visited with her friend Sheila[3] and drank "two shots" of "Fireball." Larrazolo also visited a friend and consumed alcohol before returning home. When Larrazolo arrived home, Jenny and Sheila were already there.

¶4 Larrazolo and Jenny again began to argue, this time while Larrazolo attempted to pack his clothes and leave for a second time. At some point, Larrazolo took Jenny's cell phone and threw it. Jenny hit him in response. A "scuffle" ensued. Larrazolo hit Jenny multiple times, bloodied her nose, and "choke slammed" her onto the bed. Sheila tried to intervene but Larrazolo "pushed [her] out of the way and hit [Jenny] some more." During the melee, Jenny bit Larrazolo's thumb, causing it to bleed. Before police arrived, Larrazolo left the home.

---

[1] We view the evidence in the light most favorable to upholding the verdicts. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015).

[2] "Jenny" is a pseudonym used to protect the victim's privacy.

[3] "Sheila" is a pseudonym used to protect the victim's privacy.

¶5           Jenny was seen by a forensic nurse examiner who observed scrapes and/or bruising to Jenny's jaw, face, arm, and thigh, and "torn" skin behind one ear. Jenny had two areas of broken blood vessels on her neck, which the nurse examiner opined was the result of "a significant amount of force . . . for those injuries to be visible at all." Larrazolo suffered scratches to his chest and a cut to his thumb.

¶6           The State charged Larrazolo with three felony domestic violence offenses for his conduct against Jenny, including aggravated assault, a Class 4 felony (Count 1), and two counts of aggravated domestic violence, Class 5 felonies (Counts 2 and 3). The State also charged Larrazolo with two misdemeanors for his conduct against Sheila, including disorderly conduct, a Class 1 misdemeanor (Count 4), and assault, a Class 3 misdemeanor (Count 5).

¶7           Before trial, the State alleged Larrazolo had eight prior felony convictions. After an Arizona Rule of Evidence 609 hearing, the trial court ordered the convictions sanitized and allowed the State to impeach Larrazolo with the prior convictions should he testify at trial.

¶8           At trial, Larrazolo's former probation officer testified Larrazolo had at least two domestic violence convictions – a felony from 2012 and misdemeanors from 2016. Larrazolo also testified, confirmed those convictions, and admitted to having three felony convictions from 2009, two from 2011, and three from 2014.

¶9           At the conclusion of trial, Larrazolo asked the court to provide a self-defense jury instruction (a defense he had not raised before trial). The court refused. The jury found Larrazolo guilty as charged on the felony counts. As for the misdemeanors, the court found him guilty of Count 4, but not guilty of Count 5.

¶10           The court then held a trial on Larrazolo's prior convictions and found the State had proven by clear and convincing evidence Larrazolo had at least three prior felony convictions from 2014. The court sentenced Larrazolo as a category three repetitive offender to the presumptive term of imprisonment on each felony count – ten years for Count 1, and five years for Counts 2 and 3 – with all sentences running concurrently. *See* A.R.S. § 13-703(C), (J). The court sentenced Larrazolo to time already served on Count 4.

¶11           This appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

*I.    Reference to prior felony convictions under Rule 609*

**¶12**          Larrazolo contends the trial court erred by allowing the State to impeach him with his eight prior felony convictions at trial. But Larrazolo never objected to the State's use of his prior felony convictions before or during trial, and only raises it now for the first time on appeal. Our review, therefore, is limited to fundamental prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005).

**¶13**          Generally, when a defendant testifies at trial, the State may attack the defendant's character for truthfulness by introducing evidence of the defendant's prior felony convictions so long as "the probative value of the evidence outweighs its prejudicial effect to th[e] defendant." Ariz. R. Evid. 609(a)(1)(B).

**¶14**          Larrazolo does not argue that his eight prior felony convictions were not independently admissible under Rule 609, rather, he argues that allowing reference to all eight of his convictions in the aggregate constituted an abuse of discretion. The trial court's admission of prior convictions for impeachment purposes is discretionary, *State v. King*, 110 Ariz. 36, 39 (1973), and Larrazolo provides no legal support that there is a limit on the number of prior convictions a trial court may allow. The court properly made the required balancing finding and concluded that "the probative value of admitting the evidence of the . . . prior convictions outweigh[ed] any prejudicial effect." *See* Ariz. R. Evid. 609(a)(1)(B). Further, the court sanitized the prior convictions and Arizona case law "has consistently approved of sanitization as a means of limiting prejudicial effect." *State v. Montano*, 204 Ariz. 413, 426, ¶ 66 (2003). Larrazolo has shown no error, fundamental or otherwise.

*II.    Prior misdemeanor domestic violence convictions admitted as substantive evidence*

**¶15**          Larrazolo also contends the State improperly impeached him with evidence of his prior misdemeanor domestic violence convictions.

**¶16**          Rule 609(a)(2) allows for the admission of a prior misdemeanor conviction "only if the conviction is for an offense which involved an element of deceit or falsification." *State v. Malloy*, 131 Ariz. 125, 128-29 (1981). Larrazolo's misdemeanor convictions did not involve deceit or falsification. However, the prior misdemeanor convictions were not

admitted for impeachment purposes, but rather as a substantive element of both aggravated domestic violence charges (Counts 2 and 3).

**¶17**         A person is guilty of aggravated domestic violence if he "within a period of eighty-four months commits a third or subsequent violation of domestic violence offense or is convicted of a violation of a domestic violence offense and has previously been convicted of any combination of convictions of a domestic violence offense or acts in another state." A.R.S. § 13-3601.02(A). "The dates of the commission of the offenses are the determining factor in applying the eighty-four month provision . . . ." A.R.S. § 13-3601.02(D). Because the offense commission dates are elements of the charged offense, the jury must hear the evidence "to decide a defendant's guilt." *State v. Newnom*, 208 Ariz. 507, 508, ¶¶ 4-5 (App. 2004).

**¶18**         Larrazolo's former probation officer testified Larrazolo was convicted of a prior domestic violence felony from 2012 and prior domestic violence misdemeanors from October 2016. Testimony of those convictions was elicited as substantive evidence to prove Larrazolo had committed two or more domestic violence offenses within eighty-four months of Counts 2 and 3. *See* A.R.S. § 13-3601.02(A), (D). The trial court did not err in allowing the State to introduce this evidence.

*III.     Self-Defense Jury Instruction*

**¶19**         Larrazolo's final challenge stems from the trial court's refusal to provide a self-defense justification jury instruction under A.R.S. § 13-404. "We review a trial court's refusal to instruct on self-defense for an abuse of discretion, viewing the evidence in the light most favorable to the defendant." *State v. Carson*, 243 Ariz. 463, 467, ¶ 17 (2018).

**¶20**         "[A] person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force." A.R.S. § 13-404(A). A defendant "is entitled to a self-defense instruction if the record contains the 'slightest evidence' that he acted in self defense." *State v. King*, 225 Ariz. 87, 90, ¶ 14 (2010). However, a defendant "must provide written notice to the State specifying all defenses the defendant intends to assert at trial, including . . . self-defense," no later than "40 days after arraignment, or 10 days after the State's disclosure . . . whichever occurs first." Ariz. R. Crim. P. 15.2(b)(1), (d)(1).

¶21 Though Larrazolo asked the trial court to provide a justification jury instruction at the end of trial, he had never previously raised justification as a defense. Because Larrazolo did not timely disclose the defense he sought a jury instruction for, the trial court did not err in refusing to provide the jury with the instruction.

## CONCLUSION

¶22 For the foregoing reasons, we affirm Larrazolo's convictions and sentences.

