NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CANDRA H., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, C.H., *Appellees*.

No. 1 CA-JV 14-0106
FILED 11-04-2014

---

Appeal from the Superior Court in Maricopa County
No. JD510676
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda L. Adams
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

---

**G O U L D**, Judge:

**¶1**     Candra H. ("Mother") appeals the juvenile court's order terminating her parental rights to C.H. ("Child"). Mother claims the juvenile court abused its discretion by making insufficient written findings in support of its termination order. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**     The facts of this case are largely undisputed. After the Department of Child Safety ("DCS") filed a dependency petition, the juvenile court determined Child was dependent and approved a plan of family reunification. The juvenile court eventually changed the case plan to severance and adoption. DCS filed a motion to terminate Mother's parental rights on the following grounds: (1) abandonment pursuant to Arizona Revised Statutes ("A.R.S."), section 8-533(B)(1)[1]; (2) out-of-home placement for six months or more pursuant to A.R.S. § 8-533(B)(8)(b); and (3) chronic substance abuse pursuant to A.R.S. § 8-533(B)(3).

**¶3**     Mother did not contest the grounds for severance alleged by DCS at the severance hearing. At the conclusion of the hearing, the juvenile court found DCS proved all three grounds by clear and

---

[1]     We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

convincing evidence.[2]  In addition, the juvenile court found that severance was in Child's best interests.  Mother timely appealed.

## DISCUSSION

**¶4**	Mother challenges the sufficiency of the juvenile court's written findings in support of its termination order.  An order terminating a parent-child relationship must be in writing and recite the findings on which the juvenile court bases its determination.  Ariz. R. Proc. Juv. Court 66(F)(2)(a); A.R.S. § 8-538(A).  We review the sufficiency of such findings to determine whether the juvenile court abused its discretion.  *Xavier R. v. Joseph R.*, 230 Ariz. 96, 100, ¶ 11, 280 P.3d 640, 644 (App. 2012).  Such findings must include "all of the 'ultimate' facts—that is, those necessary to resolve the disputed issues," and be sufficiently detailed "to allow the appellate court to determine exactly which issues were decided and whether the lower court correctly applied the law."  *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240-41, ¶¶ 24-25, 282 P.3d 437, 441-42 (App. 2012) (citation omitted).

I.	Statutory Grounds for Severance

**¶5**	Mother challenges the sufficiency of the juvenile court's findings regarding severance on the grounds of out of home placement for six months or more.  A.R.S. § 8-533(B)(8)(b).  Mother contends the juvenile court failed to make an express written finding that DCS made "diligent" efforts to provide reunification services to Mother.  We need not address Mother's argument, because although multiple grounds may be alleged for severance, the juvenile court is only required to find proof of one statutory ground.  *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 12, 256 P.3d 628, 631 (App. 2011).  Here, Mother does not challenge the sufficiency of the juvenile court's findings regarding two statutory grounds for severance: (1) abandonment pursuant to A.R.S. § 8-533(B)(1), and (2) chronic substance abuse pursuant to A.R.S. § 8-533(B)(3).  Accordingly, we affirm the juvenile court's termination order based on abandonment and chronic substance abuse without addressing the six month time in care ground.  *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27, 995 P.2d 682, 687 (2000).

---

[2]	The juvenile court also terminated Father's parental rights; however, Father did not appeal from the juvenile court's termination order.

II.     Best Interests of the Child.

¶6          Mother also asserts that the juvenile court's written findings regarding the best interests of Child are insufficient.  In support of its best interests finding, the juvenile court stated, "[t]ermination of the [Mother's] relationship would benefit the [C]hild because the [C]hild is adoptable and termination of the parental rights would further the plan of adoption."  Mother contends that this finding is insufficient because it does not specify how adoption would benefit Child.

¶7          Before terminating a parent-child relationship, a court must determine that severance is in the child's best interests.  A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22, 110 P.3d 1013, 1018 (2005).  "To prove that the termination of parental rights would be in a child's best interests, [DCS] must present credible evidence demonstrating 'how the child would benefit from a severance *or* be harmed by the continuation of the relationship.'"  *Lawrence R. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 585, 587, ¶ 8, 177 P.3d 327, 329 (App. 2008) (citation omitted).

¶8          We conclude the juvenile court made sufficient best interests findings in support of its termination order.  The juvenile court expressly stated that termination was in the best interests of Child, and it supported that determination with a finding that Child was adoptable.  *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 378, ¶ 7, 982 P.2d 1290, 1292 (App. 1998) (holding that evidence showing a child is adoptable is sufficient to satisfy a finding that the child would benefit from the termination of parental rights); *Maricopa Cnty. Juv. Action No. JS 501904*, 180 Ariz. 348, 352, 884 P.2d 234, 238 (App. 1994) (same).

¶9          Moreover, implicit in the juvenile court's finding that Child is adoptable is a determination that Child would benefit from the permanency and stability provided by adoption.  When considering the express findings made by a juvenile court in a termination order, we will affirm the juvenile court's order if the facts at trial support the court's findings, whether or not each supportive fact is specifically listed by the court in its order.  *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 451-52, ¶ 19, 153 P.3d 1074, 1080-81 (App. 2007).  Here, throughout the dependency, Mother failed to maintain sobriety, often checking in and out of drug treatment programs and immediately relapsing.  Child's DCS caseworker testified that Child's current placement with his paternal grandparents offers "[Child] permanency, and a stable, loving environment [in] which he can thrive and grow."  In light of this evidence, the juvenile court determined that Child would benefit from permanency

and a drug-free environment, and that severance and adoption served Child's best interests because he "is an adoptable child" and had been placed "in a loving, safe, stable environment" with his paternal grandparents "that desire[d] to adopt him should he become legally free." This record and these findings show the juvenile court properly found termination was in Child's best interests.

**CONCLUSION**

¶10        We affirm the juvenile court's order terminating Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh