177 P.3d 327

**LAWRENCE R. and Kelly C., Appellants,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Lawrence R., Appellees.**

**No. 1 CA–JV 06–0228.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 26, 2008.

---

Jeffrey M. Zurbriggen, P.C., by Jeff Zurbriggen, Tempe, Attorney for Appellant Father.

Theresa M. Armendarez, P.L.C., by Theresa M. Armendarez, Phoenix, Attorney for Appellant Mother.

Terry Goddard, Attorney General, by Carol A. Salvati, Assistant Attorney General, Phoenix, Attorneys for Appellee Arizona Department of Economic Security.

## OPINION

PORTLEY, Judge.

¶ 1 The parents of Lawrence Jr. ("Lawrence") challenge the severance of their parental rights. In this opinion, we examine whether the jury instruction on the best interests of the child was legally sufficient.[1] Because we find that the instruction was legally defective, we vacate the verdict and judgment finding that the termination of parental rights was in the child's best interests and remand the case to the juvenile court to resolve that issue.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Kelly C. ("Mother") gave birth to Lawrence in June 2004 and took care of him for six weeks before her drug relapse. Law-

---

1. In a separate memorandum decision, filed herewith, we examined and found that the record supports the jury's determination that Father had abandoned his son. *See* ARCAP 28(g).

rence was then cared for by his father, Lawrence R. ("Father").[2]

¶3 The family reunited and moved to Arizona in February 2005, but Father and Lawrence moved back to California a month later. Father brought the child back to Arizona in August and left the child with Mother's relatives. The relatives then placed the fourteen-month-old with Child Protective Services ("CPS").

¶4 Lawrence was found to be a dependent child, and the disposition case plan was family reunification. The parents did not meet with CPS after they contacted the case worker and did not participate in the case plan. Subsequently, Mother was jailed for drug possession, and Father was arrested in June 2006 for car theft and felony fleeing.

¶5 The case plan was changed to termination and adoption at the permanency planning hearing. The parents contested the termination. After a three-day jury trial, the jury found that the Arizona Department of Economic Security ("ADES") had demonstrated the statutory basis for terminating parental rights[3] and that the termination was in the child's best interests. The parents appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 8–235(A) (2007).

## DISCUSSION

¶6 The parents contend that the juvenile court improperly instructed the jury on the best interest requirement.[4] We independently review whether a jury instruction accurately states the law. *State v. Lopez,* 209 Ariz. 58, 60, ¶ 10, 97 P.3d 883, 885 (App. 2004).

¶7 A parent has a constitutional right to the care, control, and custody of his or her child. *See Santosky v. Kramer,* 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Before the rights of a parent may be terminated, ADES must prove by clear and convincing evidence that there is a statutory basis for the termination. *Jennifer G. v. Ariz. Dep't of Econ. Sec.,* 211 Ariz. 450, 453, ¶ 12, 123 P.3d 186, 189 (App.2005). ADES must also prove by a preponderance of the evidence that the termination is in the child's best interests. *Id.; see* A.R.S. § 8–533(B) (Supp.2007).

¶8 To prove that the termination of parental rights would be in a child's best interests, ADES must present credible evidence demonstrating "how the child would benefit from a severance *or* be harmed by the continuation of the relationship." *See Mary Lou C. v. Ariz. Dep't of Econ. Sec.,* 207 Ariz. 43, 50, ¶ 19, 83 P.3d 43, 50 (App.2004). ADES may satisfy the best interest requirement if it presents credible evidence that the child is adoptable. *Id.* But a determination that the child is adoptable alone does not require the fact finder to conclude that severance is in the child's best interests.

¶9 During trial, the jury has to be instructed about the applicable law so it can apply the law to the facts that it finds and render its verdict. The test to determine whether the instructions are accurate is "whether the instructions, viewed in their entirety, adequately set forth the law applicable to the case." *Lashonda M. v. Ariz. Dept. of Economic Security,* 210 Ariz. 77, 81, ¶ 8, 107 P.3d 923, 927 (App.2005) (citation omitted).

¶10 Here, the parents challenge the best interest jury instruction. The final instruction, which they objected to before it was read, stated in relevant part that:

> Mother does not challenge the jury's determination that there was a statutory basis for terminating her parental rights. Accordingly, we affirm that determination.

---

2. Father had his own drug problems. He placed Lawrence with California Child Protective Services for ten days while he participated in a detoxification program, and then lived with Lawrence in a six-month recovery program.

3. The jury found that both parents abandoned Lawrence, Mother failed to remedy the circumstances that led to Lawrence's nine month out-of-home placement, and termination of parental rights was in the best interests of Lawrence.

4. On appeal, Mother also claims that the best interest determination was legally deficient and not supported by the evidence. Because we find that the jury instruction was legally deficient, we need not address these other issues.

If you find from the evidence that the Petitioner has proven that the child is in an adoptive placement or adoptable, or that a termination of the parent-child relationship would free the child from an abusive or neglectful parent, the best interest requirement for termination of the parent's rights *is satisfied.*

(Emphasis added.) Mother asserts that "the instruction misled the jury to believe that if there was evidence of an 'adoptive placement' or that the child was 'adoptable' there was nothing more to consider." We agree.

¶ 11 The juvenile court's instruction required the jury to find that severance was in the child's best interests if the child was found to be adoptable. This was a misstatement of the law. While a jury *may* find that severance is in a child's best interests if the child is found to be adoptable, the jury is not required to do so. The jury might ultimately conclude that severance would not be in the best interests of an adoptable child because of some other circumstances.

¶ 12 We assume that the jury followed the juvenile court's instructions. *See Golonka v. Gen. Motors Corp.*, 204 Ariz. 575, 583, ¶ 21, 65 P.3d 956, 964 (App.2003). Accordingly, because the instruction was incorrect as a matter of law, we vacate the jury's best interest verdict and the court's order terminating Mother's and Father's parental rights. We remand this matter to the juvenile court so it may determine if severance of Mother's and Father's parental rights is in the best interests of Lawrence.[5]

### CONCLUSION

¶ 13 For the foregoing reasons, we vacate the best interests determinations, and remand for further proceedings consistent with this opinion.

CONCURRING: PHILIP HALL, Presiding Judge and G. MURRAY SNOW, Judge.

---

5. Our decision does not disturb the jury's findings that there were statutory grounds to terminate the parental rights of both parents under A.R.S. § 8–533.