NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RHETT U., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, B.U., F.U., *Appellees.*

No. 1 CA-JV 14-0315

FILED 4-2-2015

Appeal from the Superior Court in Yavapai County
No. P1300JD201300025
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Law Office of Florence M. Bruemmer PC, Anthem
By Florence M. Bruemmer
*Counsel for Appellant*

Law Office of Pennie J. Wamboldt PLLC, Prescott
By Pennie J. Wamboldt
*Counsel for Appellees* F.U. and B.U.

Arizona Attorney General's Office, Mesa
By Amanda L. Adams
*Counsel for Appellee* Department of Child Safety

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

**G O U L D**, Judge:

**¶1**        Appellant Rhett U. ("Father") appeals from the juvenile court's order terminating his parental rights.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In late 2012 and early 2013, the Department of Child Safety ("DCS") received reports that Lisa U. ("Mother") and Father were engaging in domestic violence in their home.  DCS investigated the reports, and Mother gave birth to F. while the investigation was ongoing.  Eventually, based on its concerns for the safety of the minor children, B. and F. (collectively the "children"), DCS removed the children from the home.

**¶3**        In May 2013, DCS filed a dependency petition based on (1) Mother and Father engaging in domestic violence in the presence of the children and (2) Father's failure to protect the children from Mother's abusive conduct.  The juvenile court adjudicated both children dependent.

**¶4**        DCS implemented a reunification case plan, but in May 2014, the Guardian Ad Litem filed a motion seeking to terminate Father's parental rights on the statutory grounds of abuse and fifteen months out-of-home placement.  *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(2) (severance based on abuse); A.R.S. § 8-533(B)(8)(c) (severance based on  fifteen months out-of-home placement).  Father denied the allegations in the petition, and the juvenile court set the matter for trial.  After the trial, the juvenile court granted the petition to terminate Father's parental rights on both statutory grounds.  Father timely appealed.

**DISCUSSION**

**¶5**        Father contends there is insufficient evidence to support the juvenile court's order terminating his parental rights based on either abuse or fifteen months out-of-home placement.[1]

**¶6**        We will not disturb a juvenile court's order terminating a parent's rights unless the order is clearly erroneous. *Jesus M. v. Ariz. Dep't of Econ. Sec.,* 203 Ariz. 278, 280, ¶ 4 (App. 2002). On review, we view the evidence in the light most favorable to upholding the factual findings upon which the order is based. *Michael J. v. Ariz. Dep't of Econ. Sec.,* 196 Ariz. 246, 250, ¶ 20 (2000). We will affirm the order as long as at least one statutory ground has been established by clear and convincing evidence. *Id.* at 249, ¶ 12.

**¶7**        Here, because reasonable evidence supports the juvenile court's finding that severance was justified on the grounds of fifteen months out-of-home placement, we need not address the ground of abuse.

**¶8**        To justify severance pursuant to A.R.S. § 8-533(B)(8)(c), the State is required to prove (1) the child has been in an out-of-home placement for fifteen months, (2) the State has made diligent efforts to provide appropriate reunification services, (3) the parent is unable to remedy the circumstances of placement, and (4) there is a substantial likelihood that the parent will be unable to exercise proper and effective parental care and control in the near future. *Id.*

**¶9**        There is no dispute that the children were in out-of-home placement for fifteen months, and that DCS made diligent efforts to provide reunification services. Rather, Father challenges the sufficiency of the evidence only as to the determination that he was unable to remedy the circumstances of placement and that he will be unable to properly and effectively parent the children in the near future.

**¶10**        We conclude the record supports the juvenile court's determinations on both issues. At trial, the DCS case manager, Sabrina Swab, testified that the children could not be safely returned to Father's care because he had failed to address his domestic violence issues. Swab testified that although Father participated in domestic-violence classes, he continued to stalk and harass Mother. While the dependency proceedings were pending, Father was also arrested for domestic violence for assaulting

---

[1]        Mother's parental rights were also terminated by the juvenile court. Mother has not appealed the juvenile court's termination order.

his brother-in-law. Finally, just one month before the termination hearing, Father was arrested for assault, resisting arrest, and criminal damage.

¶11       The record further demonstrates that Father failed to acknowledge the safety threat Mother posed to the children. At trial, Father admitted that he knew Mother physically abused his step-children in the home but that he did not report the abuse and continued to leave B. in her care. Throughout the dependency, Father was preoccupied with Mother at the expense of the children's well-being. For example, during supervised visits with the children he would talk about Mother. Leah Webb, the children's therapist, testified that Father would be unable meet the children's emotional needs on a consistent basis because he lacked the ability to effectively manage his own emotions in stressful situations.

¶12       Father also failed to maintain stable employment and safe and stable housing. Father was employed and left several jobs while the dependency proceedings were pending. Additionally, Father moved no less than three times during the proceedings. According to Swab, Father's house was unsafe for the children; it was moldy, filthy, and cluttered with boxes and other items, thereby posing a safety risk to the children.

¶13       Father also contends that there was insufficient evidence to show that severance was in the best interests of the children. We disagree.

¶14       Once the juvenile court has determined that statutory grounds exist for severance, it must determine by a preponderance of the evidence whether termination is in the child's best interests. A.R.S. § 8-533(B); *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 12 (App. 2011). We view the evidence, and we draw all reasonable inferences from it, "in favor of supporting the findings of the trial court." *Jesus M.*, 203 Ariz. 282, ¶ 12; *In re Maricopa County Juvenile Action No. J–75482*, 111 Ariz. 588, 591 (1975).

¶15       "To prove that the termination of parental rights would be in a child's best interests, [DCS] must present credible evidence demonstrating 'how the child would benefit from a severance *or* be harmed by the continuation of the relationship.'" *Lawrence R. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 585, 587, ¶ 8 (App. 2008) (citation omitted). Evidence showing a child is adoptable is sufficient to satisfy a finding that the child would benefit from the termination of parental rights. *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 378, ¶ 7 (App. 1998). In addition, the juvenile court may also consider whether the child's existing placement is meeting his needs. *Audra T.*, 194 Ariz. at 377, ¶ 5 (citations omitted).

¶16 Reasonable evidence supports the juvenile court's determination that severance of Father's parental rights was in the children's best interests. The children's current placement has been meeting their needs, provides a safe and stable home, and is immediately available and willing to adopt the children.

**Conclusion**

¶17 Accordingly, we affirm the juvenile court's order terminating Father's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: ama