NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHERLLE S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, Z.M., M.M., *Appellees*.

No. 1 CA-JV 14-0326
FILED 6-2-2015

Appeal from the Superior Court in Maricopa County
No.  JD 28030
The Honorable Connie Contes, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By David C. Lieb
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee Department of Child Safety*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Jon W. Thompson joined.

**D O W N I E**, Judge:

¶1          Cherlle S. ("Mother") appeals an order terminating her parental rights to sons Z.M. and M.M. (collectively, "the children"). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2          In late February 2014, the children's grandparents picked the children up for a weekend visit, at which time Mother admitted to having used methamphetamine. Later that weekend, the grandparents attempted to call Mother 11 times to no avail. When it was time to return the children, the grandparents refused, stating Mother did not provide a suitable living environment. In March 2014, DCS became involved and took custody of the children. DCS eventually placed them with their great grandparents and filed a dependency petition. In May 2014, the court found the children dependent. DCS offered Mother numerous services, including counseling, substance abuse testing and treatment, parent aide services, and transportation assistance.

¶3          Mother did not engage in most services, and in September 2014, the children's Guardian Ad Litem moved to terminate her parental rights. The grounds alleged were abandonment under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(1) and inability to discharge parental responsibilities due to chronic substance abuse under A.R.S. § 8-533(B)(3). Mother did not appear for the initial termination hearing, and the court found that she had notice of the proceeding and lacked good cause for her absence. The court granted DCS's request to substitute as the movant, deemed the severance motion allegations against Mother admitted due to

---

[1]          On appeal, "[w]e view the facts in the light most favorable to upholding the juvenile court's order." *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010).

her failure to appear, and proceeded with the hearing — admitting evidence and hearing testimony from the DCS case manager.

¶4        The court terminated Mother's parental rights on the grounds alleged and also found that termination was in the children's best interests. A few days later, Mother filed a motion to set aside, asserting she had good cause for failing to appear; Mother also filed a notice of appeal. The superior court did not rule on Mother's motion to set aside. We have jurisdiction over Mother's timely appeal pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1).[2]

**DISCUSSION**

**I.        Statutory Grounds**

¶5        Mother argues the superior court failed to find that DCS "had met its burden by clear and convincing evidence, *nor any other standard*, on either alleged ground for termination." The record does not support this contention.

¶6        The superior court is required to make "specific findings of fact in support of the termination of parental rights." Ariz. R. Juv. P. 66(F)(2)(a); *see also* A.R.S. § 8-538(A). Here, the court stated in its ruling: "THE COURT FINDS that [DCS] has proven the following by clear and convincing evidence: . . . As to the mother . . . abandonment, which constitutes grounds for termination pursuant to A.R.S. §§ 8-533(B)(1), 8-531(1), and 8-201(1) . . . [and] a history of chronic abuse of dangerous drugs . . . pursuant to A.R.S. § 8-533(B)(3)." The court articulated its abandonment findings as follows:

> The mother . . . [has] . . . abandoned the children and . . . has failed to maintain a normal parental relationship with the children, without just cause, by failing to provide reasonable support, to maintain regular contact with the children, and/or to provide normal supervision.

---

[2]        Mother does not challenge the determination that she received adequate notice of the hearing and lacked good cause for failing to appear, so we do not address those issues. *MT Builders, L.L.C. v. Fisher Roofing Inc.*, 219 Ariz. 297, 304 n.7, ¶ 19, 197 P.3d 758, 765 n.7 (App. 2008) (arguments not developed on appeal are deemed waived).

> The Court makes a specific judicial finding that any contact that [Mother] has had through the placement is not sufficient to establish a normal parental relationship, particularly when neither parent has appeared for court hearings since 5/19/2014 or participated in the services being offered by [DCS] or observation of Dependency Treatment Court.

¶7            To the extent Mother suggests these findings lack sufficient detail, she has waived such a claim.  "We generally do not consider objections raised for the first time on appeal.  This is particularly so as it relates to the alleged lack of detail in the juvenile court's findings." *Christy C. v. Ariz. Dep't of Econ. Sec.,* 214 Ariz. 445, 452, ¶ 21, 153 P.3d 1074, 1081 (App. 2007).  But even if we declined to apply the doctrine of waiver, we would review Mother's challenge for fundamental error only.  *See Monica C. v. Ariz. Dep't of Econ. Sec.,* 211 Ariz. 89, 94, ¶ 22, 118 P.3d 37, 42 (App. 2005) (failure to object in trial court triggers fundamental error review on appeal).  To prevail under this standard of review, a parent must show: (1) error, (2) the error was fundamental, and (3) resulting prejudice.  *State v. Henderson,* 210 Ariz. 561, 567, ¶ 20, 115 P.3d 601, 607 (2005).

¶8            No error exists on this record, let alone fundamental error. A court may terminate parental rights if it finds one of the statutory grounds for severance by clear and convincing evidence. A.R.S. §§ 8-533(B), -537(B).  Termination based on abandonment requires the court to find that a parent has failed to provide reasonable support and maintain regular contact with a child, including providing normal supervision.  A.R.S. § 8-531(1).  Abandonment includes a finding that a parent has made only minimal efforts to support and communicate with the child, and failure to maintain a normal parental relationship with a child without just cause for six months constitutes prima facie evidence of abandonment.  *Id*.

¶9            The superior court's findings regarding abandonment align with statutory requirements.  When the legal issues in a case are complicated, greater detail in factual findings may be necessary, but when, as here, the grounds for termination are "simple and straightforward," more summary findings are sufficient.  *See Ruben M. v. Ariz. Dep't of Econ. Sec.,* 230 Ariz. 236, 241, ¶¶ 26-27, 282 P.3d 437, 442 (App. 2012); *Christy C.,* 214 Ariz. at 451-52, ¶ 19, 153 P.3d at 1080-81 (affirming superior court's findings when supported by reasonable evidence, "whether or not each supportive fact is specifically called out").

**¶10**    Furthermore, evidence supports the superior court's findings. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2, 982 P.2d 1290, 1291 (App. 1998) (appellate court will not disturb superior court's ruling unless no reasonable evidence supports it). Testimony by the DCS case manager and exhibits admitted at the hearing established that the children had been in DCS care for close to 9 months. Mother did not have regular contact with them or maintain contact with DCS throughout the case, she had not appeared for a hearing regarding the children for six months, and she failed to consistently participate in services. Mother also submitted drug tests that were positive for amphetamines, methamphetamine, and THC.

**¶11**    The superior court did not err in finding the statutory ground of abandonment by clear and convincing evidence. We therefore need not discuss the additional ground for severance found by the court. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3, 53 P.3d 203, 205 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.").

## II.    Best Interests

**¶12**    Mother also argues "the court failed to make *any* findings of fact to support its conclusion of law regarding the best interests of the children." The superior court's best interests finding is admittedly cursory, stating only that DCS "has also proven by a preponderance of the evidence that termination is in the best interests of each and both children." Again, however, Mother did not object below, leaving us to consider only fundamental error. *Monica C.*, 211 Ariz. at 94, ¶ 22, 118 P.3d at 42. And even assuming the superior court's ruling was insufficiently detailed, Mother has not demonstrated resulting prejudice because the evidence supports the court's best interests conclusion. *See Christy C.*, 214 Ariz. at 451-52, ¶ 19, 153 P.3d at 1080-81.

**¶13**    Before terminating parental rights, the court must find by a preponderance of the evidence that termination is in the child's best interest. *See* A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22, 110 P.3d 1013, 1018 (2005). Credible evidence that the child would benefit from the severance or be harmed by continuation of the parent-child relationship is sufficient. *See Lawrence R. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 585, 587, ¶ 8, 177 P.3d 327, 329 (App. 2008). A court may consider the stability and permanency adoption can afford a child. *Jose M. v. Eleanor J.*, 234 Ariz. 13, 17-18, ¶ 23, 316 P.3d 602, 606-07 (App. 2014).

Evidence of an adoption plan, a child's adoptability, or an existing placement meeting the child's needs supports a finding that he or she would benefit from severance. *Audra T.*, 194 Ariz. at 377, ¶ 5, 982 P.2d at 1291; *Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 352, 884 P.2d 234, 238 (App. 1994).

**¶14**      The DCS case manager testified that the children are young and adoptable. They are in a placement that is meeting their needs, and DCS is actively seeking an adoptive home. Additionally, the evidence amply established that Mother is incapable of providing a safe, stable, drug-free lifestyle that meets the children's needs. As such, reasonable evidence supports the superior court's best interests finding.

## CONCLUSION

**¶15**      We affirm the termination of Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama