NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

AMANDA W., *Appellant,*

*v.*

DONOVAN F., A.F., D.F., *Appellees.*

No. 1 CA-JV 15-0023
FILED 6-30-2015

Appeal from the Superior Court in Maricopa County
No. JS517214
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll, Esq., Scottsdale
By Denise L. Carroll
*Counsel for Appellant*

Williams & Halladay, PLC, Chandler
By Emilie Halladay
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

**¶1**　　　　Amanda W. ("Mother") appeals from the juvenile court's order terminating her parental rights to A.F. and D.F., her two minor children (the "Children"). Mother argues there was insufficient evidence to support termination on the grounds of abandonment, and that termination of her parental rights was not in the best interests of the Children. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Mother and Donovan F. ("Father") are the biological parents of the Children. Mother and Father lived together from 1999 until 2003. Mother and Father separated in 2003, but continued to share parenting time with the Children until 2007. In June 2007, Mother told Father that she could no longer provide for the Children because she was "unstable" and did not have a place to live. As a result, Mother asked Father to take custody of the Children. Father obtained a custody order granting him sole custody of the Children on October 10, 2007.

**¶3**　　　　On October 17, 2013, Father filed a private severance action seeking to terminate Mother's parental rights pursuant to Arizona Revised Statutes ("A.R.S.") section 8–533(A). Following a severance trial, the juvenile court granted Father's petition and terminated Mother's parental rights to the Children. Mother timely appealed.

### DISCUSSION

**¶4**　　　　Mother argues Father did not present clear and convincing evidence that she abandoned the Children pursuant to A.R.S. § 8-533(B)(1). We disagree.

**¶5**　　　　As the trier of fact in a termination proceeding, the juvenile court "is in the best position to weigh the evidence, observe the parties, [and] judge the credibility of witnesses." *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). "[W]e will accept the juvenile

court's findings of fact unless no reasonable evidence supports those findings, and we will affirm a severance order unless it is clearly erroneous." *Id.* To terminate the parent-child relationship, the court's findings must be based on clear and convincing evidence. A.R.S. § 8-537(B); *Jesus M.*, 203 Ariz. at 280, ¶ 4.

¶6 A parent's rights may be terminated if "the parent has abandoned the child[ren]." A.R.S. § 8-533(B)(1). Abandonment is defined as:

> [T]he failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parent relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1).

¶7 "[A]bandonment is measured not by a parent's subjective intent, but by the parent's conduct: the statute asks whether a parent has provided reasonable support, maintained regular contact, made more than minimal efforts to support and communicate with the child, and maintained a normal parental relationship." *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249-50, ¶ 18 (2000). "The burden to act as a parent rests with the parent, who should assert his legal rights at the first and every opportunity." *Id.* at 251, ¶ 25. A parent "must act persistently to establish the relationship however possible and must vigorously assert his legal rights to the extent necessary." *Id.* at 250, ¶ 22 (quoting *In Re Pima Cnty. Juvenile Severance Action No. S-114487*, 179 Ariz. 86, 97 (1994)).

¶8 The record shows that Mother has not maintained a parent-child relationship with the Children since 2007. Mother has had virtually no contact with the Children since 2007, and has not spoken with the Children since 2013. Apart from some isolated efforts to contact the Children, Mother has not called them or sought to arrange for regular visitation, nor has she provided any financial support to the Children since 2007.

¶9 Mother contends, however, that "just cause" exists for her lack of contact with the Children. A.R.S. §§ 8-531(1), -533(B)(1). Specifically,

Mother asserts that Father has prevented her from contacting the Children. We disagree.

**¶10**     Mother was required to act as a parent, and to assert her legal rights at every opportunity. *Michael J.*, 196 Ariz. at 251, ¶ 25. Mother has never attempted to modify the parenting time order, nor has she sought to enforce her rights under the order. Additionally, Mother made minimal efforts to visit the Children. Indeed, Mother candidly testified that there was "a lot more" she should have done to remain in contact with the Children, and that she only provided a "minimal amount" of support for them.

**¶11**     Mother's contention that she would have maintained closer contact with the Children but for Father's interference is not supported by the record. Father facilitated visitation through the Children's maternal grandmother. Although Father did not permit overnight visitation between Mother and the Children, this was due to Mother's substance abuse and lack of stable housing. However, Father did advise Mother that she needed to be more involved with the Children, and he always let the Children know when Mother tried to contact them. Father also kept Mother advised of his address and phone number so Mother could contact him and the Children.

**¶12**     Accordingly, we conclude the record supports the juvenile court's severance of Mother's parental rights on the grounds of abandonment. A.R.S. § 8-533(B)(1).

**¶13**     Mother also challenges the juvenile court's finding that termination of her parental rights was in the best interests of the Children. Specifically, Mother asserts there was insufficient evidence to show that maintaining her parental rights would be detrimental to the Children.

**¶14**     A juvenile court must determine by a preponderance of the evidence that the termination of a parent's rights is in the best interests of a child. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). We will affirm the juvenile court's best interests findings unless no reasonable evidence supports those findings. *In re Maricopa Cnty. Juvenile Action No. JS-501904*, 180 Ariz. 348, 352 (App. 1994).

**¶15**     "To prove that the termination of parental rights would be in a child's best interests, [a party] must present credible evidence demonstrating 'how the child would benefit from a severance *or* be harmed by the continuation of the relationship.'" *Lawrence R. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 585, 587, ¶ 8 (App. 2008). In making its best interests findings,

the juvenile court may also consider evidence showing that a child is adoptable and that the child's need are being met in an existing custody arrangement. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19 (App. 2004); *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 378, ¶ 7 (App. 1998).

**¶16** The evidence supports the juvenile court's best interests findings. Brandon Curtis, D.F.'s therapist, testified that D.F. was suffering emotional issues due in part to Mother's abandonment. Curtis testified that allowing Mother to contact D.F. would cause D.F. to take "steps backwards" and "hinder his healthy growth." Curtis opined that it is in D.F.'s best interests not to have contact with Mother.

**¶17** Mother admitted at trial that she suffers from substance abuse addiction, and that she has not participated in any substance abuse programs. Mother has also failed to maintain a stable residence since 2007.

**¶18** The record shows that Father and his current wife, Katie, have provided the Children with a safe, stable, and loving home. Father and Katie have provided for the Children's emotional and physical needs. In addition, the Children have formed a close bond with Katie, and she has expressed a willingness to adopt the Children.

## CONCLUSION

**¶19** We recognize that Mother has overcome many challenges, and that she has worked hard in recent years to maintain her sobriety and stable employment. However, for the foregoing reasons, we affirm the juvenile court's termination of Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: ama