NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JACLYN R., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.P., N.R., *Appellees.*

No. 1 CA-JV 15-0218
FILED 11-17-2015

Appeal from the Superior Court in Maricopa County
No. JD24068
The Honorable Connie Contes, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

John L. Popilek, Scottsdale
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

**G O U L D**, Judge:

¶1            Jaclyn R. ("Mother") appeals from the juvenile court's order terminating her parental rights to her minor children J. P. and N. R. (the "Children"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            In June 2013, DCS received a report that Mother tested positive for methamphetamines during her prenatal visits for N.R. in April and May. Later that month, when Mother gave birth to N.R., both Mother and N.R. tested positive for methamphetamines. DCS did not remove the Children from Mother's home, but instead implemented a safety plan in which Mother would participate in the Substance Exposed Newborn Safe Environment (SENSE) program, substance abuse treatment through TERROS, and urinalysis testing through TASC. Mother, however, failed to enroll in the SENSE program and tested positive for amphetamines twice, once at the end of June and once at the end of July.

¶3            As a result, on July 24, 2013, DCS took custody of the Children. DCS filed a petition alleging the Children were dependent as to Mother on the grounds of neglect and substance abuse. Mother did not contest the petition's allegations, and the juvenile court found the Children dependent and approved a case plan of family reunification. Mother was offered parent aide services, a psychological evaluation, substance abuse testing through TASC, and substance abuse assessment and treatment through TERROS.

¶4            In March 2014, the juvenile court approved changing Mother's case plan to severance and adoption. DCS moved to sever her parental rights on the grounds of mental illness, substance abuse, and fifteen months' time in care.

¶5            On March 30 and April 23, 2015, the juvenile court held a severance hearing. The court terminated Mother's parental rights as to the Children on the grounds of substance abuse, mental illness, and fifteen months' time in care. The court also terminated Mother's rights to N.R. on the grounds of six months' time in care. Mother timely appealed.

## DISCUSSION

¶6            Mother argues that the State did not establish grounds for termination by clear and convincing evidence. We disagree.

¶7         As the trier of fact in a termination proceeding, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002), quoting *In re Pima Cty. Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987). "[W]e will accept the juvenile court's findings of fact unless no reasonable evidence supports those findings, and we will affirm a severance order unless it is clearly erroneous." *Id.*

¶8         To terminate the parent-child relationship, the court's findings must be based on clear and convincing evidence. Arizona Revised Statutes ("A.R.S.") section 8–537(B) (2007); *Jesus M.*, 203 Ariz. at 280, ¶ 4. If any one of the grounds for termination is supported by clear and convincing evidence, "we need not address claims pertaining to the other grounds." *Jesus M.*, 203 Ariz. at 280, ¶ 3; *see Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000).

## I.     Statutory Grounds for Severance

          In addition to other grounds, Mother's rights were terminated on the grounds of fifteen months' time in care. A.R.S. § 8-533(B)(8)(c). Termination based on fifteen months' time in care requires that the State prove: (1) the child has been in an out-of-home placement for fifteen months, (2) the State has made diligent efforts to provide appropriate reunification services, (3) the parent is unable to remedy the circumstances of the placement, and (4) there is a substantial likelihood that the parent will be unable to exercise proper and effective parental care and control in the near future. A.R.S. § 8-533(B)(8)(c).

¶9         On appeal, Mother does not dispute the fact the Children were in an out-of-home placement for fifteen months or that DCS made diligent efforts to provide reunification services. Rather, Mother challenges the juvenile court's determination that she did not remedy her substance abuse problem, and that her drug abuse rendered her unable to effectively parent the Children.

¶10        "[I]n considering the impact of drug addiction, we must consider the treatment history of the parent" to determine whether "the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety…." *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 378, ¶ 25 (App. 2010), citing *In re N.F.*, 579 N.W.2d 338, 341 (Iowa App. 1998).

¶11        Here, the record shows that Mother failed to complete substance abuse treatment as required by her reunification plan. Mother was referred to substance-abuse treatment on five separate occasions; on the first four occasions, she failed to follow through with the referrals. Following the fifth referral in October 2014, Mother did attend substance abuse treatment, but was unable to complete the program due to her hospitalizations for depression.[1]

¶12        In addition, Mother's parent aide closed out her services in July 2014, due to Mother's inconsistent attendance at supervised visits and parenting-skills sessions. In her report, the aide stated that Mother had failed to understand the effect her substance abuse had on the Children.

¶13        Mother also failed to show that she was able to maintain an extended period of sobriety. Prior to August 2014, Mother missed the majority of her drug tests. During this time she repeatedly tested positive for methamphetamines. In August 2014, she gave birth to another child, E.R.; four days later she tested positive for methamphetamines.

¶14        After the birth of E.R., Mother's compliance with drug testing improved. Based on her efforts, the juvenile court reset the severance trial to give Mother more time to participate in services. However, Mother continued to miss drug tests during the period from August 2014 through January 2015. Additionally, Mother did not provide any drug tests after January 21, 2015.

¶15        Mother contends that DCS and the trial court simply dealt with her labels as having a substance abuse and mental health problem and that looking at the narrative, she was dealing with her depression by seeking treatment and DCS did not consider her latest medical records. While we recognize Mother made some efforts in dealing with her problems, our role is to determine if there is reasonable evidence to support the juvenile court's decision. We cannot reweigh the evidence to reach a different conclusion. Moreover, if Mother had continued to be sober, she could have introduced those records.

¶16        Accordingly, the record supports the juvenile court's decision to terminate Mother's rights based on fifteen months' time in care.

---

[1]      Mother provided evidence that she was enrolled in a new substance abuse program at the time of the severance hearing.

## II.    Best Interests

**¶17**        Mother also contends the State provided insufficient evidence to show that severance was in the best interest of the children. The record does not, however, support her claim.

**¶18**        "To prove that the termination of parental rights would be in a child's best interests, [DCS] must present credible evidence demonstrating 'how the child would benefit from a severance *or* be harmed by the continuation of the relationship.'" *Lawrence R. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 585, 587, ¶ 8 (App. 2008) citing *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19 (App. 2004). Evidence showing a child is adoptable is sufficient to satisfy a finding that the child would benefit from the termination of parental rights. *Matter of Appeal in Maricopa Cty. Juv. Action No. JS-501904*, 180 Ariz. 348, 352 (App. 1994). In addition, the juvenile court may also consider whether the child's existing placement is meeting his needs. *Audra T. v. Ariz. Dep't of Econ. Sec*, 194 Ariz. 376, 377, ¶ 5 (App. 1998) citing *Matter of Appeal in Maricopa Cty. Juv. Action No. JS-8490*, 179 Ariz. 102, 107 (1994).

**¶19**        Here, the juvenile court found that the Children would benefit from a severance because Mother, due to her substance abuse, had not provided a safe and stable home. In addition, the juvenile court determined the Children's current placement was meeting their needs, and was willing to adopt the Children. Accordingly, the record supports the juvenile court's finding that termination is in the Children's best interst.

## CONCLUSION

**¶20**        For the reasons above, we affirm the juvenile court's termination of Mother's parental rights to the Children.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama