NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JUSTIN G., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, H.G., P.G., N.G., *Appellees.*

No. 1 CA-JV 17-0008
FILED 6-20-2017

Appeal from the Superior Court in Maricopa County
No. JD29995
The Honorable Lisa Daniel Flores, Judge

**AFFIRMED**

COUNSEL

Czop Law Firm, PLLC, Higley
By Steven Czop
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

**¶1**　　　　Appellant Justin G. ("Father") appeals the superior court's order terminating his parental rights.  For the following reasons, we affirm the superior court's order.

### FACTUAL AND PROCEDURAL HISTORY[1]

**¶2**　　　　Father is the biological father of H.G., born July 21, 2011; P.G., born August 10, 2012; and N.G., born June 1, 2013 (collectively, the "Children").  In February 2015, the Department of Child Services ("DCS") alleged the Children were dependent as to Father due to substance abuse, mental health, domestic violence, and neglect.  The superior court found the Children dependent as to Father in July 2015.  Father was incarcerated in early 2016 for a drug-related crime, and DCS moved for severance in May 2016 on the ground of inability to remedy the circumstances causing the Children to be in an out-of-home placement for fifteen months or longer.[2] *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(8)(c).[3]

**¶3**　　　　At trial, two DCS employees testified Father had not fully participated in services or remedied any of the circumstances bringing the Children into care.  One employee stated Father had admitted a history of substance abuse, but he had not completed substance abuse testing or treatment.  The other employee testified DCS referred Father to drug testing

---

[1]　　　We view the facts in the light most favorable to affirming the superior court's order.  *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18, 219 P.3d 296, 303 (App. 2009).

[2]　　　DCS also alleged the ground of substance abuse, but at trial it only presented evidence as to the ground of fifteen months' time in care.  Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(3).

[3]　　　We cite the current version of applicable statutes unless revisions material to this decision have occurred since the events in question.

seven times over the course of the proceedings but that Father only participated "somewhat" in the service. She opined Father had not remedied the circumstances that brought the Children into care because he had not participated in all the necessary services, had not shown the behavioral changes necessary to safely parent the Children, and was incarcerated for possession of marijuana. She testified there was a substantial likelihood that Father would not be capable of exercising proper and effective parental care and control in the near future due to his incarceration and his inability to exercise such care and control over the course of the proceedings. She concluded by stating Father had no firm release date because he was awaiting a plea agreement in his criminal case, but that February 2017 was when Father could be released.

¶4            The superior court found that DCS proved by clear and convincing evidence that: (1) the Children had been in an out-of-home placement for a cumulative period of fifteen months or longer; (2) "DCS made diligent efforts to provide appropriate reunification services to Father when he was out of custody, and additional efforts would be futile because of Father's choice to commit crimes"; and (3) Father had been unable to remedy the circumstances that caused the Children to be in an out-of-home placement and there was a substantial likelihood that Father would not be capable of exercising proper and effective parental care and control in the near future. It also found that DCS had proven by a preponderance of the evidence that terminating Father's parental rights was in the Children's best interests because, in part, the Children were adoptable and severance would allow their paternal grandfather to adopt them.

¶5            In its findings, the superior court concluded that although Father had a strong bond with the Children, clear and convincing evidence showed that the Children had been in care for nearly two years and Father had been unable to change the lifestyle choices that prevented him from safely parenting the Children. It noted that although Father's incarceration had forced him to abstain from drugs and alcohol, he had not demonstrated sobriety outside the correctional setting and his history of substance abuse indicated a substantial likelihood that Father would not be able to parent the Children in the near future. It further explained that Father would need treatment upon his release and that even in the best-case scenario, the Children would not be returned to him for another twelve to fifteen months.

¶6            Consequently, the superior court entered its order terminating Father's parental rights, and Father has timely appealed. We

have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

**¶7**         Father asserts the superior court erred by finding (1) DCS made a diligent effort to provide appropriate reunification services to him, and (2) he would not be capable of exercising proper and effective parental care and control in the near future due to his incarceration.[4]

## I.    **Standard of Review**

**¶8**         The superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18, 219 P.3d 296, 303 (App. 2009).  We will not reweigh the evidence, and we will affirm a termination order that is supported by reasonable evidence. *Id.*

**¶9**         The superior court may sever a parental relationship pursuant to A.R.S. § 8-533(B)(8)(c) if DCS shows:  (1) the child has been in an out-of-home placement for a cumulative total period of fifteen months or longer pursuant to court order; (2) "the parent has substantially neglected or willfully refused to remedy the circumstances that cause the child to be in an out-of-home placement"; and (3) DCS has "made a diligent effort to provide appropriate reunification services."  *Id.*  DCS must also show, by a preponderance of the evidence, that severance is in the child's best interest.  A.R.S. § 8-533(B); *Lawrence R. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 585, 587, ¶ 7, 177 P.3d 327, 329 (App. 2008).

## II.    **Reunification Services**

**¶10**         Father argues the superior court erred by finding DCS had made a diligent effort to provide appropriate reunification services.  He asserts that if DCS had provided the appropriate reunification services before January 2016, his ability to parent could have been judged on those services and on the programs he completed while in custody.

---

[4]      Father does not challenge the superior court's findings regarding any other element of the fifteen-months-in-care ground or the Children's best interests.  He has accordingly conceded the accuracy of these findings. *Britz v. Kinsvater*, 87 Ariz. 385, 388, 351 P.2d 986, 987 (1960).

**¶11**      DCS's obligation to provide diligent reunification services requires that it provide "the time and opportunity to participate in programs designed to improve the parent's ability to care for the child." *Jordan C.*, 223 Ariz. at 94, ¶ 20, 219 P.3d at 304.  It must "undertake measures with a reasonable prospect of success in reuniting the family," *id.*, but it need not provide every conceivable service, ensure the parent participates in each service it offers, undertake rehabilitative measures that are futile, or leave the window of opportunity for remediation open indefinitely, *Tanya K. v. Dep't of Child Safety, P.K.*, 240 Ariz. 154, 157, ¶ 11, 377 P.3d 351, 354 (App. 2016).

**¶12**      We conclude the superior court did not abuse its discretion by finding DCS made a diligent effort to provide appropriate reunification services.  Father concedes DCS provided referrals to substance abuse assessment, drug testing, a psychological consultation, and a parent aide as early as February 2015.  Although Father highlights the court's conclusion in January 2016 that DCS had not made reasonable efforts to provide appropriate reunification services, the record shows these services were available to Father for months but that his sporadic participation caused many of the referrals to expire.  Over the course of the proceedings, DCS re-referred Father for drug testing seven times and drug treatment three times.  It referred Father to a parent aide in March 2015, but the referral closed months later due to Father's inconsistent attendance.  After the court found that DCS had not made reasonable efforts to provide appropriate reunification services in January 2016, DCS re-referred Father to substance abuse treatment within three weeks and re-referred him for a psychological consultation and drug testing by the end of March 2016.  Even after being re-referred for these services, Father failed to participate.  The record is unclear exactly how much of Father's failure to participate was due to his incarceration.  Father was incarcerated at various points in the proceedings, but the record does not reflect the exact dates of his incarceration.  The record is clear, however, that Father was incarcerated on a drug-related charge by April 2016.  In light of these facts, the court did not abuse its discretion by finding DCS made a diligent effort to provide appropriate reunification services.

## III.      **Proper and Effective Care and Control**

**¶13**      Father argues the superior court erred by finding he would not be capable of exercising proper and effective parental care and control in the near future.  He asserts the court erroneously relied on his incarceration at the time of the severance trial in making its conclusion and

overlooked the classes and programs he completed while incarcerated when determining his ability to parent.

¶14      As an initial matter, the record does not support Father's assertion that the superior court overlooked the classes and programs he completed while incarcerated. The court expressly recognized Father's participation in services and commended him for his efforts, but noted that he had failed to demonstrate sobriety while out of custody, participate in treatment prior to his incarceration, or complete the treatment program offered by the jail.

¶15      We conclude the superior court did not abuse its discretion in finding Father would not be capable of exercising proper and effective parental care and control in the near future. Father admitted to an approximately ten-year history of drug and alcohol abuse and confirmed he was still abusing alcohol when the Children came into DCS custody. Despite this, he failed to consistently participate in substance abuse testing and treatment to reunify with the Children. The record demonstrates that Father participated only sporadically in drug testing from February to April 2015, and many of his tests returned positive for alcohol and other substances including methamphetamine and cocaine. After May 2015, Father stopped calling in or participating in drug testing altogether.[5] Father similarly failed to participate in substance abuse treatment; DCS referred Father to the service in March 2015, November 2015, and February 2016, but he failed to participate beyond his May 2015 intake appointment. Similarly, Father's parent-aide referral closed due to his nonparticipation, and his case aide reported his visits were inconsistent.

¶16      Finally, we reject Father's argument that the superior court improperly relied on Father's incarceration at the time of the severance trial. The superior court considered Father's incarceration as one factor when determining whether Father would be capable of exercising proper and effective parental care and control in the near future. It noted that "[w]hile the 'near future' has never been defined in an appellate decision, Father will not even be out of custody until February 10, 2017," and that "it would be reasonable for [DCS] and the Court to require Father to demonstrate nine to twelve months of sobriety and successfully complete substance abuse treatment" before considering unsupervised visitation with the Children due to Father's history of substance abuse and failure to demonstrate sobriety outside the correctional setting. It concluded that even in the best-

---

[5]     Father did call for drug testing once in November 2015, but he failed to test despite being required to do so.

case scenario, the Children would remain in DCS custody for fifteen more months, at which time they would have been in DCS care for more than three years.

## CONCLUSION

¶17 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA