NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO K.P.

No. 1 CA-JV 25-0026

FILED 10-30-2025

Appeal from the Superior Court in Maricopa County
No. JS22469
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Jessica C., Scottsdale
*Appellant*

Law Office of Ed Johnson PLLC, Peoria
By Edward D. Johnson
*Advisory Counsel for Appellant Jessica C.*

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

**M O R S E**, Judge:

¶1        Jessica C. ("Mother") appeals the juvenile court's order terminating her parental rights as to K.P. ("Child").  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Child, ten, has lived exclusively with Logan P. ("Father") for the last six years.  Mother had custody but asked Father to take care of Child because she was unable.  Over the years, Mother communicated and spent time with Child but also went long periods of time without doing so.  Mother and Father blamed each other for poor communication impeding Mother's relationship with Child.

¶3        In September 2024, Father claimed Mother had not seen or spoken with Child for ten months and filed a Petition for Termination of Parental Rights alleging abandonment under A.R.S. § 8-533(B)(1) and neglect under A.R.S. § 8-533(B)(2).  The juvenile court held a termination hearing in February 2025.  At the hearing, Mother admitted Father's claim about contact with Child but insisted this was the first time ever she had gone more than six months without seeing Child.  Father testified that Mother did not have a relationship with Child, and that Child wanted to be adopted by Father's fiancé because she was the only active mother figure in Child's life.  Mother testified to the contrary.  Mother offered some text messages to support her claims—some from one month in 2021 and some from 2024, right after Father filed the petition.  A few days after the hearing, the juvenile court granted the petition solely on abandonment grounds.

¶4        Court-appointed counsel filed a Notice and Avowal in Lieu of an Opening Brief under Ariz. R. P. Juv. Ct. 607(e)(1)(B), stating that a diligent inspection of the record found no non-frivolous grounds for appeal.  Counsel so informed Mother, who timely filed the *pro se* opening brief permitted under the rule.   We have jurisdiction under A.R.S. §§ 12-2101(A)(1), 12-120.21(A)(1), and 8-235(A).

## DISCUSSION

¶5        Father did not file a response.  When appellant raises debatable issues on appeal, we may treat appellee's failure to answer as a confession of reversible error.  *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).  But in cases involving the best interests of a child we do not do so— those interests are paramount.  *See In re G.I.*, --- Ariz. ---, ---, ¶ 13, 567 P.3d

764, 767 (App. 2025) (stating that the best-interests analysis is "paramount" in termination cases).

**¶6** We hold self-represented litigants to the same standard as attorneys. *Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017). Mother failed to raise and preserve any of her purported grievances before the juvenile court. And Mother's opening brief fails to articulate issues for appeal. Arizona does not require *Anders* appeals in parental termination proceedings, so we do not scour the record in search of grounds for appeal. *In re C.J.*, --- Ariz. ---, --- ¶ 19, 572 P.3d 597, 601 (App. 2025). Moreover, Mother's brief fails to cite the record or legal authorities as required by ARCAP 13(a)(7)(A) and Ariz. R. P. Juv. Ct. 607(b). In our discretion, we may treat such procedural errors as waiver of the claims. *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). But because waiver is a discretionary doctrine, and a child's best interests are paramount, *In re G.I.*, --- Ariz. at ---, ¶ 13, we exercise our discretion and attempt to address Mother's brief.

**¶7** Parents have a fundamental, but not absolute, liberty interest in the care, custody, and management of their children. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005). The juvenile court may terminate parental rights if it finds (1) at least one statutory ground for termination under A.R.S. § 8-533(B) by clear and convincing evidence, and (2) that the termination is in the best interests of the child by a preponderance of the evidence. *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 477, ¶ 20 (2023).

**¶8** We review termination orders for abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). Abandonment is a question of fact for the juvenile court to resolve. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 250, ¶ 20 (2000). We review the order in the light most favorable to sustaining the decision, so we will affirm the court's factual findings supported by "reasonable evidence and inference." *Brionna J.*, 255 Ariz. at 478, ¶ 30 (quoting *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574, 580, ¶ 10 (2021)). We will affirm the court's legal finding that abandonment warrants termination unless no reasonable person could have found the evidence clear and convincing as a matter of law. *Id.* at 478–79, ¶ 31.

**¶9** In her brief, Mother claims the termination decision "infringes upon [her] rights" and that she did not deliver a closing statement, while Father did. As far as these claims allege failure to provide due process, they fail. Ariz. R. P. Juv. Ct. 103(b) requires termination hearings to give parents a meaningful opportunity to present their case. *In re C.J.*, --- Ariz. at ---, ¶ 21, (citing *Royce C. v. Dep't of Child Safety*, 252 Ariz. 129, 136, ¶ 16 (App.

2021)). Court-appointed counsel represented Mother. Another represented Child. Father represented himself. Mother's counsel cross-examined Father, moved for directed verdict, submitted exhibits, examined Mother directly, and delivered a closing statement on Mother's behalf. We see no lack of opportunity to present the case and no due process violations.

**¶10** Next, Mother raises multiple grievances that appear to challenge the sufficiency of evidence. First, Mother claims Father offered testimony full of "unchecked errors." Second, Mother alleges the evidence did not reflect all of her attempts to maintain the relationship with Child. Third, Mother questions whether Father pressured Child to agree to be adopted by Father's fiancé, rendering adoption unviable.

**¶11** Because we must defer to the juvenile court's factual findings, Mother fails to establish any error. It is uniquely the province of the juvenile court to resolve conflicting testimony because it is best positioned to weigh the evidence and assess the credibility of witnesses. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002). We will not reweigh the evidence. *Id.* Mother and Father offered contradictory testimony about her relationship with Child. But Mother also acknowledged failing to communicate with Child for extended periods of time. And Mother offered little other evidence to support her claims. The determination of abandonment under A.R.S. § 8-531(1) considers the parent's objective conduct, rather than subjective intent. *Michael J.*, 196 Ariz. at 249, ¶ 18. The evidence presented reasonably supported the juvenile court's finding of abandonment. Thus, we cannot conclude the termination order was clearly erroneous.

**¶12** Lastly, Mother appears to challenge the best-interest determination by claiming that the decision infringes on Child's rights and well-being.

**¶13** Finding statutory grounds for abandonment is not enough to assume termination is in the child's best interests. *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5–6 (1990). The analysis focuses on whether the termination or continuation of the parental relationship benefits or harms the child. *Jessie D.*, 251 Ariz. at 583, ¶ 27 (citing *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50 ¶¶ 8, 12 (2018)). A party may establish best interests by showing that a current placement meets the child's needs, adoption is immediately available, or that the child is adoptable. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 5, ¶ 16 (2016) (citing *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30 (App. 2010)). But determining that the child is adoptable does not require finding termination is in the child's best

interests. *Lawrence R. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 585, 587, ¶ 8 (App. 2008).

**¶14**      Here, Father testified that his fiancé had been acting as a mother to Child for the past six years. They both take care of Child, take him to school, and to sports practice. Father also testified that Child acted out in school after calls or visits from Mother. Mother expressed concern that the lack of a full-time relationship may have a negative impact on Child. She also questioned Father's purported engagement and the viability of a potential adoption by the fiancé. The court found that the current placement provided Child with stability. The court also acknowledged that adoption was not guaranteed but likely enough to make Child adoptable. *See Demetrius L.*, 239 Ariz. at 4–6, ¶¶ 12, 20–21. With fiancé having been in Child's life for six years, the court reasonably concluded it was a "certain probability" she would adopt Child once legally able to do so. *Cf. JS-500274*, 167 Ariz. at 7 (finding too speculative a mother's "just in case" contention that she might get married, and her future husband might wish to adopt her child). We do not reweigh the evidence. *Jesus M.*, 203 Ariz. 282, ¶ 12. The juvenile court made reasonable findings, and Mother has not demonstrated any abuse of its discretion.

## CONCLUSION

**¶15**      We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:       JR